## JOE MUNSON v. THE STATE.

### No. 744. Decided May 22.

1. **Challenge to Juror—Practice.**—In selecting the jury, defendant challenged a juror by striking his name from the list. After the jury had been sworn, the indictment read, and defendant had pleaded, he discovered that the challenged juror was one of the jury as impaneled, and he requested the court to stand him aside and substitute another juror. This was refused. *Held*, that defendant did not exercise proper diligence; that he should have discovered the mistake before the jury was sworn, and then have moved to withdraw his plea and for a discharge of the jury and selection of another.

2. **Same—Where Juror is Sworn by Mistake—Harmless Error.**—Where a juror, who has been challenged, is impaneled and sworn by mistake, the refusal of the court to stand him aside is harmless error, in the absence of any showing of bias or prejudice on the part of the juror, or that he had formed an opinion in the case.

3. **Burglary Conspiracy—Evidence as to Coconspirators.**—On a trial for burglary, where conspiracy has been established, testimony that one of the conspirators was afterwards found in possession of some of the stolen property might be admissible against the others, though they were not present and did not see or hear what was said or done at the time; but such testimony is not admissible where the evidence has failed to establish a conspiracy.

4. **Same—Fact Case—Evidence Insufficient—Circumstantial Evidence.**—See facts, on a trial for burglary, set out in the opinion, which the court holds fall short of that degree of certainty required to authorize a conviction upon circumstantial evidence alone.

APPEAL from the Criminal District Court of Harris. Tried below before Hon. E. D. CAVIN.

This is an appeal from a conviction for burglary, wherein the punishment assessed was a term of two years in the penitentiary.

The opinion states the case.

No briefs have come to the hands of the Reporter.

*Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—The appellant in this case was tried under an indictment charging him with burglary, and his punishment assessed at two years in the penitentiary; and from the judgment and sentence of the lower court he prosecutes this appeal.

The appellant assigns as error, that he challenged a juror, Hiller, on the list handed him, but that by some means said juror was called in the box, and constituted a part of the jury, and was sworn, and after the indictment was read and the plea of not guilty entered, the appellant for the first time discovered the presence of E. H. Hiller on the jury. He then asked the court to stand him aside and call another juror. This the court refused to do, and appellant excepted. We think the appellant did not exercise proper diligence. He should have discovered the mistake before the jury was sworn, and then made his motion to withdraw his plea, and discharge the jury, and draw another jury. But conceding that he had the right to have the juror set aside after he made the discovery, no injury appears to have resulted, as no opinion as to the case, or animus or prejudice, is shown to have existed on the part of the juror against appellant.

The second error assigned is, that the court allowed the witness Max Hirsch, over the objections of the defendant, to testify as to what Tom Henderson, a codefendant, said and did on the next day after the alleged burglary, as same was after the perpetration of the alleged offense, and as the acts and declarations of the said Henderson are not shown to have been in the presence and hearing of the defendant, and not being of such a nature as to call for any explanation or denial on the part of the defendant. The evidence in this case shows, that the house of Charlie Lucia was burglarized, and the trunk of Lucia broken open, and certain gold coins taken therefrom, to wit, five $2½ gold pieces, which bore date of 1852, and one $10 gold coin of the United States. The testimony tending to show the connection of this defendant with the crime was, in substance, as follows: Tom Henderson, Will Jackson, and Joe Munson were associates, and were frequently at the store of the prosecutor, Lucia. These three defendants were at said store on the night of the burglary, and when the prosecutor closed up Jackson was still there. On the next day, it appears that Tom Henderson and Will Jackson came into the pawnshop of one Max Hirsch together. After they had been there a few minutes, Joe Munson came in, and stopped some five or six feet from where the others were standing. The witness did not know whether he was in a position to hear what was said or not. The State at this juncture proved, over the objections of defendant, the appellant in this case,

that Tom Henderson redeemed a watch which he had pawned with witness Hirsch, and gave him four $2½ gold pieces; that said witness also bought another $2½ gold piece from him; that one of the gold pieces was dated 1852, and this witness gave it to the city marshal, and this piece was subsequently identified by the prosecutor, Lucia, as one of his lost gold coins. The witness Hirsch further testified, that Joe Munson took no part in the matter, and that he said nothing and did nothing while in the store on that occasion; that he and Jackson and Henderson left the store together. If there was any evidence, preceding the burglary, showing a conspiracy between these three parties to commit the same, the testimony that one of them was afterwards found in possession of some stolen property might be testimony against the others, even though such others were not present, and did not see or hear what the party in possession said or did at the time; but in this case there was no evidence of such prior conspiracy. With the admission, however, of said testimony, it does not appear that the evidence is sufficient to have warranted a conviction of the defendant, Munson, in this case. The evidence before set out is all that can be at all considered as in any respect inculpatory against him; and, in our opinion, it falls short of that degree of certainty required to authorize a conviction upon circumstantial evidence alone.

The judgment is reversed, and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.