### BULLY WEST v. THE STATE.

#### No. 4002. Decided November 25, 1908.

**Gaming—Jury and Jury Law—Disqualification—Exception to Juror—Too Late after Trial.**

Where upon trial for exhibiting a gaming bank, a juror whose name had been stricken from the list by defendant, but nevertheless by mistake served on the jury, which fact became known to defendant's counsel during the trial, an objection upon this ground came too late in the motion for new trial; besides the juror was not disqualified. Following Munson v. State, 34 Texas Crim. Rep., 498.

Appeal from the District Court of Hardin. Tried below before the Hon. L. B. Hightower.

Appeal from a conviction of exhibiting gaming bank; penalty, two years imprisonment in the penitentiary.

The indictment, leaving out formal averments, charged that the defendant on or about the 15th day of September, A. D. 1907, and anterior to the presentment of this indictment in the county of Hardin and State of Texas, did then and there unlawfully keep and exhibit, for the purpose of gaming, a gaming table and bank against the peace and dignity of the State.

The opinion states the case.

*Dies, Singleton & Dies,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted for exhibiting and keeping a gaming bank, his punishment being assessed at two years confinement in the State penitentiary.

The record is before us without a statement of facts or bills of

exceptions. The only question presented which can be considered is that a certain juror sat upon the jury after his name was scratched from the list. The facts, in substance, show that a list of jurors was handed the defendant for the purpose of selecting a jury. The name of Glaze was on the list and appellant scratched it. This juror, in some manner, remained on the jury and tried the case. The clerk states he did not call the name of Glaze, and did not know how he came to sit upon the jury. Appellant's counsel states that he scratched the name of the juror Glaze from the list and did not observe that he was on the jury until during the closing argument for the State. He and the clerk had a private conversation in regard to the matter and the attorney said it did not make any difference as the jury would not convict. So the matter was not called to the attention of the court until on motion for a new trial. This came too late. In addition it may be stated that the juror was not in any manner shown to be disqualified or unfair. Appellant, therefore, relies upon the fact that having scratched the name of Glaze from the list he was entitled to a new trial because Glaze remained upon the jury and rendered a verdict in the case. This question came before the court in the case of Munson v. State, 34 Texas Crim. Rep., 498, and was there decided adversely to appellant's contention. Under the authority of that case we hold that the point is not well taken.

The contention that the verdict is contrary to the evidence can not be considered in the absence of the statement of facts. As the record is presented, the judgment will be affirmed, and it is so ordered.

*Affirmed.*