### LUZ MACIAS v. THE STATE.

No. 4289. · Decided November 22, 1916.

**Burglary—Jury and Jury Law—Practice on Appeal.**

Where appellant complained that one of the jurors who tried him for burglary was properly challenged by him, but by inadvertence, was left on the jury list and called upon the jury by the clerk and there empaneled and sworn to try the cause, but it appeared from the record that the juror was fully qualified, there was no reversible error, in the absence of a showing that the juror was prejudiced, and it is too late to raise this issue after verdict. Following Munson v. State, 34 Texas Crim. Rep., 498, and other cases.

Appeal from the District Court of El Paso. Tried below before the Hon. Dan M. Jackson.

Appeal from a conviction of burglary; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Stafford & Brady,* for appellant.—On question of juror: Cooper v. State, 65 Texas Crim. Rep., 423.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of burglary and his punishment assessed at five years confinement in the State penitentiary.

There is but one question presented for review. It appears that when the jury list was furnished appellant's attorney the name of A. B. Ahr was erased. However, through some mistake Mr. Ahr served on the jury, and this fact was not discovered until after the verdict was received and the jury discharged. The clerk testifies he called the list of jurors with Mr. Ahr's name thereon. Appellant's counsel not noticing at the time that Mr. Ahr's name was called, he was sworn and empaneled to try the cause. Appellant does not contend that Mr. Ahr was in any manner prejudiced against him, or that he knew anything of the facts in the case. He says he erased the name on the recommendation of a brother attorney, no reason being assigned for giving such recommendation. In fact, it appears that the juror was fully qualified to try the cause. In the absence of a showing that the juror

entertained animus or prejudice, this objection comes too late after
verdict.   Munson v. State, 34 Texas Crim. Rep., 498; Cooper v. State,
65 Texas Crim. Rep., 423, 144 S. W. Rep., 937.

The judgment is affirmed.

*Affirmed.*