CALVIN AND CLAUD BOLES V. THE STATE.

No. 8847. Delivered June 24, 1925.

1.—Manslaughter—Statement of Facts—Incomplete—Cannot be Considered.

The statement of facts before us does not appear to have been signed by the trial judge, who tried the case, nor does it appear that a duplicate of same was ever filed in the district clerk's office, as required by law, and such statement of facts cannot be considered, and the cause is affirmed.

ON REHEARING

2.—Same—Statement of Facts—Corrected—Considered.

Appellant having corrected and perfected the statement of facts in this cause, on his motion for rehearing same will be considered.

3.—Same—Peremptory Challenges—Plural Defendants—Rule Stated.

Our statute, Art. 691 Vernon's C. C. P., states: "In capital cases, both the state, and the defendant shall be entitled to fifteen peremptory challenges, and where there are more defendants than one, tried together, the state shall be entitled to eight peremptory challenges for each of said defendants, and each defendant shall be entitled to eight peremptory challenges." There being two defendants on trial, the court committed reversible error in restricting them to fifteen, instead of allowing them jointly sixteen peremptory challenges.

4.—Same—Evidence—Rebutting Conspiracy—Improperly Excluded.

Where appellant's defensive theory was improper relations of deceased and his wife, the state contending that the homicide was the result of a conspiracy between appellants and others, it was error to refuse to permit appellant to prove by his wife that she had a conversation with appellant and her brother two days prior to the homicide, in which she requested her brother to see deceased and try to persuade him to cease his visits to her, in her husband's absence.

5.—Same—Evidence—Conduct of Wife—When Admissible.

Where an accused on a trial for murder, defends upon the theory that the killing was caused by his discovery of improper relations of deceased with the wife of appellant, specific acts of immoral conduct of the wife with other men, if known by the husband, are admissible in evidence.

Appeal from the District Court of Shelby County. Tried below before the Hon. Chas. L. Brachfield, Judge.

Appeal from a conviction of manslaughter, penalty for Calvin Boles five years, for Claud Boles two years in the penitentiary.

The opinion states the case.

*Sanders & Sanders* and *Davis & Davis,* of Center, for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellants were tried and convicted in the District Court of Shelby County of manslaughter and Calvin Boles' punishment was assessed at five years in the penitentiary and Claud Boles' punishment was assessed at two years in the penitentiary.

We find a motion of the state in this case to strike out the statement of facts, alleging that no duplicate of same was ever filed in the district clerk's office as required by law. It becomes unnecessary for us to pass on this motion at this time for the reason that upon an inspection of what purports to be a statement of facts filed in this court by the appellant, we find that same is not signed by the trial judge who tried the case, and of course, under such circumstances, we are unauthorized to consider said statement of facts in any particular.

The record discloses proper indictment, charge of the court, verdict of the jury, judgment and sentence of the appellants and no fundamental errors appearing therein, we are forced to the conclusion that this case must be affirmed. Of course, we observe many questions raised by appellants to the action of the trial court but without a statement of facts, we could not determine whether same constitute any error or not.

For the reasons above stated, the judgment of the trial court is affirmed and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON REHEARING.

BAKER, JUDGE.—The appellant, Calvin and Claude Boles, were jointly indicted with L. D. Cammack and Elbert Boles of the offense of murdering W. R. Cook, and said appellants, after severance, were convicted in the District Court of Shelby County of manslaughter, and Calvin Boles' punishment assessed at five years, and Claude Boles' punishment assessed at two years in the penitentiary.

This court refused to consider the statement of facts in this case at the last term, on acount of same not being signed by the trial judge; since which time a proper showing has been made which authorized us now to consider same.

It was the contention of the state that all of the defendants named in the indictment had entered into an agreement or conspiracy to kill the deceased, under the pretext that the deceased and the sister of said Cammack, wife of Calvin Boles, had been unduly and criminally intimate, and all of them were present and acting together at the time of the homicide.

It was the contention of the appellant Calvin Boles that his wife had informed him the night preceding the morning of the killing that she had carnal intercourse with the deceased, and believing said statement to be true, he killed the deceased upon the first meeting thereof; and also by his testimony injected into the case the issue of the necessary defense of his brother, appellant Claude Boles. The record discloses that at the time the appellant Calvin Boles shot and killed the deceased, Claude Boles and the deceased were engaged in a fight, and the latter had called to his wife to bring him his gun, and that she was approaching the scene of the difficulty with a gun just before the shooting occurred.

It was the contention of Claude Boles that he knew nothing of the intention of Calvin Boles to kill the deceased, and had no understanding with any of the other parties or knowledge to the effect that they intended to kill the deceased, but that he incidentally went to the scene of the homicide without any knowledge of Calvin Boles intending to come or be at said place. The record further discloses that after all the defendants, together with the deceased, had assembled at the scene of the homicide, Claude Boles and the deceased had a dispute over the deceased's going to the residence of Calvin Boles in his absence, which culminated in a fist fight between them, during which time the deceased was killed by Calvin Boles, as above stated.

There are many questions raised by appellants in their brief, but we will only discuss such questions as we think demand our attention, and which are likely to arise upon another trial in the court below.

Bills of exceptions 1 to 3 inclusive complain of the action of the court in refusing to permit the appellants to exercise sixteen peremptory challenges. Said bills show that appellants had used fifteen challenges and attempted to exercise their sixteenth challenge on the last two jurors selected, which the court refused to permit as shown by his qualification to said bills, because he overlooked the fact that two defendants were being tried instead of one, and because his attention was not specifically called to same, and no injury was shown to appellants. Art. 691, Vernon's C. C. P. states:

"In capital cases, both the state and defendant shall be entitled to fifteen peremptory challenges; and, where there are more defendants than one tried together, the state shall be entitled to eight peremptory challenges for each of said defendants; and each defendant shall be entitled to eight peremptory challenges."

We think the action of the learned judge in this instance was clearly erroneous, and that under the law it was not incumbent upon the appellants to show injury, but that when they are deprived of this right to exercise their full number of peremptory challenges, there is but one thing for this court to do, and that is to reverse the case.

Complaint is also urged by bill of exception No. 6 to the action of the court in refusing to permit Brooksie Boles, wife of the appellant, Calvin Boles, to testify to a conversation between her, her husband and her brother, L. D. Cammack, on Sunday night prior to the homicide the following Tuesday morning, in which her brother agreed to see the deceased and talk to him, and try to get him to desist from visiting the house and premises of Calvin Boles in his absence. We are of the opinion that this testimony was clearly admissible in rebuttal of the state's theory of a conspiracy.

By bill of exception No. 9 complaint is made to the action of the court in permitting the state to interrogate the appellant Calvin Boles, on cross examination, relative to a certain church trial in which he, the appellant, admitted that one Bib Bounds had informed him, appellant, that there had been improper relations between appellant's wife and one Whitten. We are of the opinion that there was no error in the admission of this

testimony, and that same was admissible for the purpose of showing the condition of appellant's mind over the alleged improper relations between his wife and the deceased. Specific acts of immoral conduct of the wife, known to the husband, are admissible in this character of cases. Bozeman v. State, 85 Tex. Crim. App. 657; 215 S. W. 299.

For the errors above discussed we are of the opinion that the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Court of Criminal Appeals and approved by the court.