# OCTOBER 15, 1941

### ERVIN D. ANDERSON V. THE STATE.

No. 21677.  Delivered June 25, 1941.
Rehearing Denied October 15, 1941.

The opinion states the case.

*Wm. E. Davenport,* of San Angelo, for appellant.

*O. C. Fisher,* District Attorney, and *Ralph Logan,* County Attorney, both of San Angelo, and *Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of theft of property over the value of fifty dollars, and under allegations of two previous felony convictions, he was awarded a life sentence in the penitentiary.

Mr. George C. Riha was in the city of San Angelo, Texas, on January 16, 1941, and stopped his automobile in front of a Tavern, locking the doors of such automobile, and went into this Tavern on a business mission, where he remained some fifteen minutes. When he returned to his car some one had prized the ventilator window open and stolen some suits of clothes, an overcoat, some brief cases and a pistol out of such car, all of a greater value than $50.00. Upon an appeal to the police, they soon arrested appellant and another and found some of the stolen property in their possession, the appellant having some of the stolen clothes in his arms as he sat by the driver of a fleeing car, according to the arresting officer.

The State also proved that in 1936 appellant was convicted of burglary in Sterling County; and that in 1939 he was again convicted of burglary in Runnels County. Upon this

showing the jury returned a verdict of guilt with a life sentence.

There are but two bills of exceptions in the record. The first bill shows that when the appellant was arraigned there were but 15 jurors found on the panel, a further jury being out deliberating at such time. This list of 15 was presented to attorneys, and on it was the name of C. E. Warren, as well as the name of W. D. (Billy) Young. There were seven names selected out of this 15, and when the seven were called, Mr. Warren's name was not called, but Mr. Young's name was called. Mr. Warren, thinking his name was called, took his seat in the jury box, and Mr. Young, who was outside the room at the time of calling the names, came in and asked some of the retiring jurors if his name was called as a juror; none of them seemed to know. He then asked appellant's attorney the same question; the attorney then asked Young what his name was, and upon being told, the attorney said: "No, your name was not called." Young then said: "I want to be sure about it"; whereupon the attorney said: "No, I don't think it was called." The juror Young then left the court room, and Mr. Warren was impaneled on the jury. The trial then proceeded for the balance of the day, and on the next morning while the last witness was being called, the district clerk discovered that Mr. Warren had not been selected upon the jury and so informed the court, who informed appellant's counsel, and a motion to declare a mistrial was then filed by appellant's attorney, which was overruled by the court.

It was shown by Mr. Warren's affidavit that he thought his name was called when he presented himself upon the jury; that he had never before served on a jury in Tom Green County; that he knew none of the parties, nor the attorneys, and had no bias or prejudice in the matter. Appellant's attorney said that the only thing he knew about the juror was that he had had jury service in San Saba County, and he had no further report on such juror.

In 26 Tex. Jur., p. 679, it is said:

"In the District Court the first twelve names remaining on both lists after striking by the parties, and in the County Court the first six names, constitute the jury. It is the duty of the parties to see that, as impaneled, the box does not contain a juror who has been challenged by striking; should such a juror remain and be sworn, the court is not obliged to dis-

charge him and substitute another juror. A fortiori, the verdict is not vitiated thereby—at least unless the complainant can affirmatively show that the unaccepted juror was prejudiced."

We also think the following excerpt in point from Munson v. State, 31 S. W. 387:

"The appellant assigns as error that he challenged a juror, Hiller, on the list handed him, but that, by some means, said juror was called in the box, and constituted a part of the jury, and was sworn, and, after the indictment was read and the plea of not guilty entered, the appellant for the first time discovered the presence of E. H. Hiller on the jury. He then asked the court to stand him aside, and call another juror. This the court refused to do, and appellant excepted. We think the appellant did not exercise proper diligence. He should have discovered the mistake before the jury was sworn, and then made his motion to withdraw his plea, and discharge the jury, and draw another jury. But, conceding that he had the right to have the juror set aside after he made the discovery, no injury appears to have resulted, as no opinion as to the case, or animus or prejudice, is shown to have existed on the part of the juror against appellant."

To the same effect is the case of West v. State, 114 S. W. 142; also the case of Granger v. State, 31 S. W. 671; and Macias v. State, 189 S. W. 953.

We do not think any injury was shown herein, and this bill is overruled.

The remaining bill complains of the introduction of the two prior indictments for burglary against the appellant. The attorneys being unable to agree to this bill, and the court refusing appellant's bill, the court prepared his own bill, which shows that the indictments, although introduced in the case, were not read to nor by the jury, but were intended to be used by the court in the event the jury found appellant guilty as charged in the second count in the indictment herein, which count contained the habitual criminal clause. We see no error in such a proceeding.

No error appearing in the record, the judgment is affirmed.

ON MOTION FOR REHEARING.

KRUEGER, Judge.

Appellant has filed a motion for a rehearing in which he asserts that we committed four errors in the original disposition of this case:

First, because we failed to discuss his objection to the court's charge in that the court failed to instruct the jury on the law of misdemeanor theft. If the evidence had raised the issue of misdemeanor theft, he would have been entitled to a charge thereon, and the court, no doubt, would have given an adequate instruction on the law relative thereto; but we fail to find any evidence which would require such a charge. The proof shows that the property which appellant stole far exceeded the value of Fifty Dollars.

The other three contentions which appellant makes are equally without merit and we see no need for entering upon an extended discussion thereof as it would only lengthen this opinion and serve no useful purpose.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.