RALPH O. LUCAS v. STATE.

No. 24218. January 19, 1949.

12

Appellant represented himself.

*A. C. Winborn,* Criminal District Attorney, *E. T. Branch,* and *R. H. Gallier,* Assistants Criminal District Attorney, Houston, and *Ernest S. Goens,* State's Attorney, Austin, for the state.

KRUEGER, Judge.

Appellant was convicted for the offense of theft of property over the value of fifty dollars, and his punishment was assessed at confinement in the state penitentiary for a term of ten years.

The record is before us without any bills of exception or objections to the court's charge. Consequently, the only question which we are required to consider and dispose of is the sufficiency of the indictment and the evidence to support his conviction.

The indictment, as it appears in the transcript, is sufficient in charging appellant with the offense of theft of a juke box, a mechanical musical instrument operated by coins, the value of which is alleged to be one thousand dollars, and is otherwise in due form.

The record shows that on the night of March 28, 1947, some one broke into the place of business owned and operated by Walter Zeisig located at Morgan's Point in Harris County, and took therefrom a juke box of the value of $900 and approximately $65 worth of cigarettes and cigars without the owner's consent. On or about the 21st day of April, A. D. 1947, appellant sold the juke box in question to one Sam Carnage of Caldwell, Texas, from whom it was subsequently recovered. The

juke box in question was identified by the serial number on the inside thereof while the serial number on a metal plate which was tacked on the outside thereof had been removed.

Appellant did not testify, however, he called a witness, one Arnold Atkins, who testified that while he and appellant were in jail at Galveston, in the month of March, 1947, he, as agent for some undisclosed person, sold to appellant two or three juke boxes, but he did not know whether or not the juke box in question was one of them. This witness admitted he was in the penitentiary; that he had theretofore been convicted of felony theft in Harris County on the 9th day of April, 1945. The foregoing statement is a brief summary of the salient facts proved on the trial of the case and are deemed sufficient to sustain his conviction.

Appellant filed a motion for a new trial, which motion was not sworn to, in which he complained that the trial court erred in several respects. The motion was contested by the state, and the court heard evidence relative to the allegations therein contained and at the conclusion thereof overruled the same. The statement of facts adduced upon the hearing of the motion for a new trial is not signed by anyone nor approved by the trial court as required by law, therefore, the same cannot be considered by us. See Barnes v. State, 102 Tex. Cr. R. 20 (277 S. W. 128) ; Boles v. State, 102 Tex. Cr. R. 634 (279 S. W. 261). The motion for a new trial is but a pleading and does not prove itself. Appellant is required to present evidence thereon and it must be brought forward in a properly approved statement of facts. In the absence of a statement of facts relating to the allegation in a motion for a new trial, the court's action in overruling the same is conclusive and is binding on this court. See Tolson v. State, 122 Tex. Cr. R. 81 (53 S. W. (2d) 628) ; Waits v. State, 134 Tex. Cr. R. 65 (113 S. W. (2d) 1242) ; and Miller v. State, 143 Tex. Cr. R. 430 (158 S. W. (2d) 804). Statements made by appellant in his brief cannot be considered on questions of fact. See Hess v. State, 145 Tex. Cr. R. 343 (168 S. W. (2d) 250).

No reversible error appearing in the record, the judgment of the trial court is affirmed.

Opinion approved by the Court.