**Augustine Santos ACOSTA, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 49892.**

Court of Criminal Appeals of Texas.

April 30, 1975.

L. J. Krueger, Liberty, on appeal only, Pieratt & Saur, Houston, on appeal only, for appellant.

Carol S. Vance, Dist. Atty., and Phyllis Bell and Bert Graham, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for murder. Punishment was assessed by the jury at fifty years.

The sufficiency of the evidence is not challenged.

Appellant contends the court erred in re-refusing to grant his motion for mistrial for the reason that an illegal juror served on the jury.

The record reflects that appellant exercised one of his peremptory challenges by striking the thirteenth name, Mrs. James L. Byrd, on his jury list. After the voir dire examination was concluded and both sides had exercised their peremptory challenges, the court advised the panel that those whose names were called by the clerk would take a seat in the jury box. Among the names called by the clerk was Mrs. James L. Byrd. After Mrs. Byrd and eleven other persons were seated in the jury box, the record reflects the following occurred:

"THE COURT: Any objection to the panel as selected?

"MR. GRAHAM [Prosecutor]: No, your honor.

"MR. WILLIAMS [Counsel for appellant]: No objection, your honor."

After the return of a verdict of guilty, appellant requested that the jury be polled. After each juror had been asked if the verdict read were his verdict, the appellant moved for a mistrial, stating, "We were under the impression all the time that Mr. Doublin was on the jury. We had a specific strike on Mrs. Byrd."

In Anderson v. State, 142 Tex.Cr.R. 384, 154 S.W.2d 482, where a juror whose name was not called took his place in the jury box thinking his name was called and was impaneled on the jury, and it was not until the next day after the case had proceeded to trial that the district clerk discovered that a juror had been mistakenly impaneled, this Court held the overruling of defendant's motion for mistrial was not error in the absence of a showing that the juror mistakenly impaneled was prejudiced. In *Anderson*, it was further noted:

"It is the duty of the parties to see that, as impaneled, the box does not contain a juror who has been challenged by striking; should such a juror remain and be sworn, the court is not obliged to discharge him and substitute another juror. A fortiori, the verdict is not vitiated thereby—at least unless the complainant can affirmatively show that the unaccepted juror was prejudiced."

In *Anderson* the Court cited Munson v. State, 34 Tex.Cr.R. 498, 31 S.W. 387, where the defendant urged that the trial court erred in refusing to excuse a juror "that he challenged . . . on the list handed him." Such request was not made until after said juror was seated in the jury box, the jury was sworn, the indictment was read, and the defendant had entered his plea. In *Munson,* it was stated:

"He [defendant] should have discovered the mistake before the jury was sworn, and then made his motion to withdraw

his plea, and discharge the jury, and draw another jury. But, conceding that he had the right to have the juror set aside after he made the discovery, no injury appears to have resulted, as no opinion as to the case, or animus or prejudice, is shown to have existed on the part of the juror against appellant."

Appellant urges that the *Anderson* case is distinguishable from the instant case in that no lack of diligence is shown in the instant case in discovering the presence of Mrs. Byrd on the jury, and Mrs. Byrd's answers to questions asked on voir dire reflect that she was a likely candidate for a peremptory challenge. Appellant argues that when a peremptory challenge has been made, it is contradictory to maintain that the person challenged cannot be removed from the jury unless it be shown that such person is prejudiced.

■ Anderson v. State, supra, states that it is the duty of the parties to see that, as impaneled, the jury box does not contain a juror who has been challenged by striking. It is undisputed that Mrs. Byrd's name was called and she was seated in the jury box, and the court inquired if there were any objections to the panel as selected, to which appellant answered, "No objection, your honor." Anderson v. State, supra, speaks in terms of duty upon the parties to determine that the jury box does not contain a challenged juror. Further, assuming, arguendo, that the diligence used by the complaining party is discovering a challenged juror in the jury box is a factor to be considered, we find that such argument is of no avail to appellant in the instant case where the juror's name was called, she was seated in the jury box, and appellant expressly stated that he had no objection to the jury selected.

There can be no argument about appellant's correctness in urging that a peremptory challenge can be made without a showing of prejudice. Art. 35.14, Vernon's Ann.C.C.P. However, a different standard necessarily applies in removing a person from a jury where, as in the instant case, the juror had served as a member of the jury which had returned a verdict at the guilt stage of the trial before any objection was raised as to her presence on the jury. Anderson v. State, supra; Munson v. State, supra; 35 Tex.Jur.2d, Jury, Sec. 133 (1960).

Appellant points to the fact that on voir dire examination Mrs. Byrd stated that her husband worked as a "volunteer with the sheriff's department" and, in response to the question about how often he did this work, Mrs. Byrd responded, "Oh, whatever the requirement is, just every so often." The foregoing answers of Mrs. Byrd, standing alone, do not constitute an affirmative showing that Mrs. Byrd was prejudiced.

No error is shown in the court refusing to grant appellant's motion for a mistrial.

■ In his remaining contention, appellant argues that if Mrs. Byrd's presence on the jury at the guilt stage of the trial does not constitute reversible error, then her continued participation as a juror at the punishment stage requires reversal. Before entering a plea of not guilty, appellant duly filed his motion in writing that the jury assess punishment in the event a verdict of guilty was returned. See Art. 37.-07, V.A.C.C.P. Appellant's argument appears to be bottomed on the proposition that one jury can return a verdict of guilty and still another jury can be impaneled to assess punishment. We cannot agree with appellant's suggestion that Whan v. State, Tex.Cr.App., 485 S.W.2d · 275 authorizes such procedure.

The judgment is affirmed.

Opinion approved by the Court.