**Dixie Dean POGUE**

v.

**The STATE of Texas, Appellee.**

**No. 53585.**

Court of Criminal Appeals of Texas.

July 13, 1977.

D. Jennings Bryant, Jr., on appeal only, Houston, for appellant.

Carol S. Vance, Dist. Atty., Robert Shults and George M. Karam, Asst. Dist. Attys., Houston, for the State.

OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for aggravated robbery. Punishment was assessed at twelve years.

In her sole ground of error, appellant contends that the court erred in denying her peremptory challenge to "juror number five."

The record reflects that after the names of twelve members of the panel were called by the clerk those persons were directed by the court to take a seat in the jury box. The court advised the remainder of the panel that they were free to go and stated to the twelve seated in the jury box, ". . . let's take about a, let's say, a slightly more than fifteen minute recess, to 4:10 by the clock on the courtroom wall." Prior to the conclusion of the recess, defense · counsel advised the clerk of the court that juror number five, William Evans Huggins, had been struck by appellant and that Huggins' name had been mistakenly called as one of the twelve jurors selected.

The record reflects that the matter was brought to the court's attention at 4:23 p. m. after the jurors had been returned to the courtroom prior to arraignment of appellant and before the twelve jurors were sworn. The court advised appellant's counsel that it was impossible to "retrieve" the

next person on the list since those not selected had been excused; "that the court had the lawyers present when the jury list was read out; that no information of this matter was brought to the court until after all others had been excused, and this person, who it is claimed his name was struck, was sequestered with the balance of the panel of jury." Appellant's motion for mistrial was overruled. At the hearing on the motion for new trial, the court stated that he knew from his conversation with the jury shepherd that there were no panels available remaining for that day but there was a panel available for the next morning.

In *Acosta v. State,* Tex.Cr.App., 522 S.W.2d 528, where a juror who had been stricken by defendant on a peremptory challenge served on the jury, this Court said:

"There can be no argument about appellant's correctness in urging that a peremptory challenge can be made without a showing of prejudice. Art. 35.14, Vernon's Ann.C.C.P. However, a different standard necessarily applies in removing a person from a jury where, as in the instant case, the juror had served as a member of the jury which had returned a verdict at the guilt stage of the trial before any objection was raised as to her presence on the jury. *Anderson v. State,* supra [142 Tex.Cr.R. 384, 154 S.W.2d 482]; *Munson v. State,* supra [34 Tex. Cr.R. 498, 31 S.W. 387]; 35 Tex.Jur.2d Jury, Sec. 133 (1960)."

The State urges that in the instant case there was a lack of diligence on appellant's part in correcting the mistake and that appellant has failed to show any bias or prejudice on the part of the juror.

Two of the cases cited by the State, *Anderson v. State,* 142 Tex.Cr.R. 384, 154 S.W.2d 482, and *Munson v. State,* 34 Tex. Cr.R. 498, 31 S.W. 387, were discussed by this Court in *Acosta,* where it was stated:

"In *Anderson v. State,* 142 Tex.Cr.R. 384, 154 S.W.2d 482, where a juror whose name was not called took his place in the jury box thinking his name was called and was impaneled on the jury, and it was not until the next day after the case had proceeded to trial that the district clerk discovered that a juror had been mistakenly impaneled, this Court held the overruling of defendant's motion for mistrial was not error in the absence of a showing that the juror mistakenly impaneled was prejudiced. In *Anderson,* it was further noted:

'It is the duty of the parties to see that, as impaneled, the box does not contain a juror who has been challenged by striking; should such a juror remain and be sworn, the court is not obliged to discharge him and substitute another juror. A fortiori, the verdict is not vitiated thereby—at least unless the complainant can affirmatively show that the unaccepted juror was prejudiced.'

"In *Anderson* the Court cited *Munson v. State,* 34 Tex.Cr.R. 498, 31 S.W. 387, where the defendant urged that the trial court erred in refusing to excuse a juror 'that he challenged . . . on the list handed him.' Such request was not made until after said juror was seated in the jury box, the jury was sworn, the indictment was read, and the defendant had entered his plea. In *Munson,* it was stated:

'He [defendant] should have discovered the mistake before the jury was sworn, and then made his motion to withdraw his plea, and discharge the jury, and draw another jury. But, conceding that he had the right to have the juror set aside after he made the discovery, no injury appears to have resulted, as no opinion as to the case, or animus or prejudice, is shown to have existed on the part of the juror against appellant.' "

In *West v. State,* 54 Tex.Cr.R. 597, 114 S.W. 142, cited by the State, the Court relied on *Munson* in holding that an objection made for the first time at the motion for new trial that a juror stricken by the defendant had served on the jury came too late.

In *Granger v. State,* 31 S.W. 671, also cited by the State, a juror accepted by both the defendant and the State was left off the jury that heard the case. It was held that the defendant could not wait until after trial and for the first time complain on motion for new trial about the exclusion of the juror. The State points to that portion of the opinion which recites that defendant has not shown that he was compelled to take an obnoxious juror, or that he suffered any injury from the mistake or the negligence.

In *Boles v. State,* 102 Tex.Cr.R. 634, 279 S.W. 261, cited by appellant, where defendants were denied the right to make the number of peremptory challenges provided by law, it was stated:

"We think the action of the learned trial judge was clearly erroneous, and that under the law it was not incumbent upon the appellants to show injury, but that, when they are deprived of this right to exercise their full number of peremptory challenges, there is but one thing for this court to do, and that is to reverse this case."

At the hearing at the motion for new trial in the instant case, the following testimony was elicited from the prosecutor:

"Q. Mr. Karam [prosecutor], isn't it a fact that before the testimony started in this case and during the recess, this was made known to the Court, to the clerk, that he had made a mistake? Wasn't this made known to you and everyone concerned that juror number five had, in fact, been struck by the Defense and should not have been on the jury?

"A. That was made known during the latter part of the recess and before the jury had heard any of the evidence. That's correct."

Clerk of the court, Vernon Sanders, testified at the hearing on the motion for new trial in response to appellant's questions:

"Q. May I ask you if on the Defendant's jury list, that juror number five, William E. Huggins—You examine that and tell me whether there is a line drawn through his name.

"A. Yes, sir. I can see that there is a line drawn partially through the name and partially on the exact line under the juror's name.[1]

\* \* \* \* \* \*

"Q. Isn't it a fact that William Evans Huggins, juror number five was placed on the jury panel by mistake?

"A. Oh yes, sir."

Unlike any of the cases cited herein, appellant brought the mistake to the attention of the trial court before the jury was sworn. The question presented is whether appellant's failure to detect the error and call it to the court's attention when the clerk called the names of the jurors and before the court excused the remaining members of the panel places appellant under the burden of showing that the juror mistakenly taken was prejudiced or that appellant was injured thereby. We do not find a lack of diligence on the part of appellant solely because of his failure to detect the error when the names of the jurors were called by the clerk when the appellant made the mistake known to the court before the jury was sworn. It is not contended that any other facts exist from which a lack of diligence could be inferred on appellant's part. No bad faith is contended or shown. To require appellant to show that the juror in question was prejudiced or that he was injured by virtue of said juror's presence on the jury would be in effect to deny appellant the right to the

1. The record contains what appears to be a photocopy of "Defendant's Jury List." While the line drawn through prospective juror number 5, William Evans Huggins, is not a bold one, it is discernible. It would appear to be a good practice in addition to marking through a challenged name to also place the numbered strike beside same. This not only better identifies the strike but also provides a method of determining rapidly the number of strikes exercised. Appellant's list shows that, including challenge in juror number 5, ten strikes were made by appellant.

peremptory challenges afforded by law. We conclude the court's failure to allow appellant's peremptory challenge to the juror in question was error and requires reversal of this cause.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.