Michael Joseph **COLBURN**, Appellant,

v.

**STATE of Texas**, Appellee.

No. 13-84-249-CR.

Court of Appeals of Texas, Corpus Christi.

March 7, 1985.

Arnold Medina, Corpus Christi, for appellant.

Dale Summa, Asst. County Atty., Richard Hatch, County Atty., Sinton, for appellee.

Before NYE, C.J., and BENAVIDES, and SEERDEN, JJ.

## OPINION

BENAVIDES, Justice.

Appellant was convicted by a jury of the misdemeanor offense of driving while intoxicated. Punishment was fixed by the trial court which sentenced appellant to 30 days' confinement in the San Patricio County Jail and a fine of $500.00. We affirm.

In a single ground of error, appellant alleges that the trial court erred in removing a selected, qualified juror and replacing him with another juror, without cause, upon request of the State in violation of TEX.CODE CRIM.PROC.ANN. art. 35.16 (Vernon Supp.1985). Appellant argues the court's action was tantamount to giving the State an extra peremptory strike. Counsel for appellant asserts that the State was allowed to strike a juror *after* the clerk announced appellant's strikes. This contention is contradicted by the record.

The trial court had the original strike lists of both parties filed and instructed the attorneys and the clerk that there would be no written changes. The court stated that the State's list was prepared and submitted to the court prior to the reading of the names the clerk listed as those selected to serve.

After examining the transcript and statement of facts, we accept the trial court's explanation to the jury that it simply made an error in calling the names of those selected. The court called the name of a juror who had been properly struck by the State and did not call the name of a qualified "unstruck juror" whose name should have been originally called to the jury box. Upon being advised of the mistake, the court properly removed the venireman who had been peremptorily struck by the State and seated the qualified, unstruck juror whose name should have been called to the jury box. The court then administered the oath to the jury. It would have been error had the court allowed a juror to serve on the panel after learning that said juror had been properly challenged. Appellant's argument that the trial court cannot correct its mistake is without merit. *See Acosta v. State*, 522 S.W.2d 528 (Tex.Crim.App.1975) (duty of parties to see that jury box does not contain juror challenged by striking). Appellant's ground of error is overruled.

The "conclusion" of appellant's brief states that the evidence is insufficient to support a conviction for driving while intoxicated. There are no references to the record and no citations to any cases or statutes to support this blanket allegation. Appellant does not assign such conclusion as error or present any argument in furtherance of such conclusion. Appellant fails to specify in any manner whatsoever how or why the State's proof is insufficient. We, therefore, decline to review this unbriefed "conclusion".

The judgment of the court is AFFIRMED.