**Ronald L. FULLER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–86–114–CR.**

Court of Appeals of Texas, Corpus Christi.

Aug. 29, 1986.

Donald A. Clowe, San Antonio, for appellant.

Edward F. Shaughnessy, III, Dist. Attorney's Office, San Antonio, for appellee.

Before NYE, C.J., and UTTER and SEERDEN, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a conviction for the offense of attempted murder. A jury determined appellant's guilt, and the trial court assessed his punishment at twenty years' imprisonment. Appellant brings four grounds of error. We affirm.

The evidence introduced by the State reflects that the victim, James Gonzaba, and his brother, Jerry Gonzaba, stopped at a Church's Fried Chicken store at approximately 12:15 a.m. on April 21, 1984. They, along with several other customers, were standing by the counter of the store waiting for their orders to be filled. Appellant, a black man, came into the store and became angry with the attendant, a black woman, for waiting on "Mexicans" instead of waiting on him first. The attendant called her manager, who immediately began to fill appellant's order. While appellant was waiting, he made several derogatory remarks about "Mexicans." James Gonzaba took offense, and an argument ensued between him and appellant. Appellant told Gonzaba, "I will kill you, you f_____ Mexican."

The two brothers left the store and headed toward their car. Appellant followed them out, and then reached behind his back and pulled out a gun. Just as he was outside the door, he fired at Jerry Gonzaba, but missed him. Then he aimed the gun and shot James Gonzaba from a distance of five to ten feet. James Gonzaba testified that appellant pointed the gun directly at him, lowered it, aimed at Gonzaba's stomach and fired.

By his first ground of error, appellant contends the trial court erred in failing to charge the jury on the lesser included offense of aggravated assault. He claims the trial court should have submitted this charge on its own motion. Appellant did not request such a charge, nor did he ob-

ject to the charge that was prepared by the trial court.

If a defendant fails to object to a charge or fails to submit a special requested charge, errors in the charge given to the jury are waived and nothing is presented for review. *Boles v. State,* 598 S.W.2d 274, 278 (Tex.Crim.App.1980); *see* TEX.CODE CRIM.PROC.ANN. arts. 36.14, 36.15 (Vernon Supp.1986); *see also Thomas v. State,* 701 S.W.2d 653, 656 (Tex.Crim.App.1985). In the instant case, we find that appellant waived his complaint. Any resulting error was not calculated to injure the rights of the appellant, nor does it appear from the record that appellant was denied a fair and impartial trial. TEX.CODE CRIM.PROC. ANN. art. 36.19 (Vernon 1981).

Appellant complains in his second ground of error that "the trial court erred in charging the jury on attempted murder when appellant's testimony rebutted said intent, and the State failed to produce medical testimony that the wounds were capable of causing death." By this complaint, appellant is essentially urging an objection to the charge in this Court that he should have made to the trial court before the charge was submitted to the jury.

Appellant next argues there was "no evidence upon which the jury could base a finding of an 'intent to kill.'" However, the State was not required to produce medical testimony that the wounds inflicted were capable of causing death, as appellant argues. The essential elements of attempted murder are: 1) a person, 2) with the specific intent to cause the death of an individual, 3) does an act amounting to more than mere preparation, 4) but fails to effect the death of an individual. *See* TEX. PENAL CODE ANN. § 15.01(a) (Vernon Supp.1986); TEX.PENAL CODE ANN. § 19.02(a)(1) (Vernon 1974). A specific intent to kill is a necessary element of attempted murder. *Flanagan v. State,* 675 S.W.2d 734, 741 (Tex.Crim.App.1982) (opinion on motion for rehearing). A specific intent to kill may be inferred from the use

of a deadly weapon. Here, the uncontroverted evidence is that the appellant shot the victim with a gun. Firearms are statutorily defined as deadly weapons. TEX. PENAL CODE ANN. § 1.07(a)(11) (Vernon 1974).

The State offered additional evidence of appellant's specific intent to kill by his verbal threat to kill James Gonzaba. He aimed his gun at him and fired at close range. Altogether, the State introduced the testimony of four eyewitnesses to the incident (James and Jerry Gonzaba, the attendant, and the manager). The jury may infer an intent to kill from any facts in evidence which, to their minds, prove the existence of an intent to kill. *Martinez v. State,* 699 S.W.2d 910, 913 (Tex.App.— Amarillo 1985, no pet.).

The only evidence appellant presented was his own testimony. He said that he had no intent to kill. He claimed Gonzaba was the aggressor. He said he feared for his life and fired in a downward direction to scare off Gonzaba. He claimed Gonzaba accidentally lunged into the line of fire. He also points to James Gonzaba's testimony that appellant lowered the gun and aimed at his abdomen.

Appellant's evidence in no way conclusively rebuts the State's evidence of intent. Had appellant requested a charge on aggravated assault, then the jury, as the sole trier of fact, would have been entitled to believe all or part of the conflicting testimony as to intent proffered and introduced by either side. *See Bell v. State,* 693 S.W.2d 434, 443 (Tex.Crim.App.1985).

Here, the jury concluded that the State's evidence sufficiently established appellant's specific intent to kill. Viewing the evidence in the light most favorable to the verdict, we conclude there was sufficient evidence to support the submission of the charge on attempted murder and the jury's verdict of guilty.

In ground of error three, appellant complains the trial court erred in not having appellant's testimony regarding his main defensive issue read back to the jury as the

jury requested. At trial, appellant asserted the defense of self-defense. Specifically, he testified he shot James Gonzaba only because Gonzaba was lunging at him. He thought Gonzaba was armed. Appellant stated that, as Gonzaba lunged, he pulled something dark and shiny from his pocket, which appellant thought to be a gun. The jury was instructed on appellant's defensive theory.

During their deliberations, the jury sent out a note stating: "need Fuller's testimony concerning James G. Hand in pocket." In response, the trial court submitted a supplemental charge which stated:

Members of the Jury, you are further instructed in answer to your question, if the Jury disagree as to the statement of any witness you may have read to you from the court reporter's notes that part of such witness' testimony or the particular point in dispute, and no other. You must specify which point, if any, is in dispute.

The jury made no further requests and returned a verdict of guilty.

■ TEX.CODE CRIM.PROC.ANN. art. 36.28 (Vernon 1981) provides:

In the trial of a criminal case in a court of record, *if the jury disagree as to the statement of any witness* they may, upon applying to the court, have read to them from the court reporter's notes that part of such witness testimony or the particular point in dispute, and no other. (Emphasis ours.)

In instances where the jury requests that certain testimony be re-read, the trial court must determine if the request is proper within the meaning of Article 36.28. *Iness v. State,* 606 S.W.2d 306, 314 (Tex.Crim.App.1980). The jury in the case at bar merely requested that certain testimony be re-read without stating that a dispute existed as to that portion of the testimony. The trial court's supplemental instruction, which tracked the language of the statute, properly explained to the jury that they must state that a disagreement existed among them before the testimony could be re-read. The jury made no further inquiry.

*Martin v. State,* 459 S.W.2d 845, 846 (Tex. Crim.App.1970); *Vasquez v. State,* 415 S.W.2d 188, 191 (Tex.Crim.App.1967); *see also Thrash v. State,* 482 S.W.2d 213, 214 (Tex.Crim.App.1972).

Appellant, in his fourth ground of error, complains that the trial court erred in allowing a juror who had been peremptorily struck by the defense to be seated on the jury. It is clear from the record that appellant initially exercised a peremptory strike against juror number twenty-four, Mario Ortega. At a hearing on appellant's motion for new trial, the State stipulated to the fact that this juror was allowed to remain on the jury which convicted appellant. Nothing in the record indicates appellant objected to this juror being seated and sworn.

Appellant points out that the record does not reflect that he affirmatively waived his right to have this juror set aside. He argues that, by striking this juror, he did lodge his objection to the juror being seated, and that this Court cannot assume the waiver of such a fundamental right. Appellant's argument is without merit.

■ The well-established rule is that it is the responsibility of the parties to see that the jury impaneled does not contain a juror who has been set aside. Absent an objection made before the jury panel was sworn or a showing that the seated juror was disqualified because of prejudice toward appellant, neither of which appears in this record, no error is shown and the verdict stands. *Acosta v. State,* 522 S.W.2d 528, 530 (Tex.Crim.App.1975); *Anderson v. State,* 142 Tex.Cr.R. 384, 154 S.W.2d 482, 483 (1941); *Macias v. State,* 80 Tex.Cr.R. 330, 189 S.W. 953, 954 (1916); *West v. State,* 54 Tex.Cr.R. 597, 114 S.W. 142, 143 (1908); *Munson v. State,* 34 Tex.Cr.R. 498, 31 S.W. 387, 387–88 (1895); *see also Miller v. State,* 692 S.W.2d 88, 93 n. 10 (Tex.Crim. App.1985); *Bagwell v. State,* 657 S.W.2d 526, 527 (Tex.App.—Corpus Christi 1983, pet. ref'd); *cf. Pogue v. State,* 553 S.W.2d 368 (Tex.Crim.App.1977).

We also note that the word "keep" was hand-written beside the marked-through name of juror number twenty-four, raising the fact question of whether this juror was actually inadvertently seated on the jury. Appellant's grounds of error are overruled.

The judgment of the trial court is affirmed.