Vidal ARRENDONDO, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 05–86–00759–CR.

Court of Appeals of Texas,
Dallas.

July 1, 1987.

John H. Hagler, Dallas, for appellant.

Mary Jo Kain, Dallas, for appellee.

Before STEPHENS, HECHT and
THOMAS, JJ.

THOMAS, Justice.

The jury ·found appellant guilty of burglary of a habitation and sentenced him to sixty years' confinement in the Texas Department of Corrections. In four points of error, appellant urges that: the trial court erred in allowing a juror to sit whom the defense had intended to strike; the evidence was insufficient to support the conviction; and that the trial court erred when it instructed the jury as to the existence and possible effects of the law regarding parole and good time. We disagree with all contentions and, accordingly, affirm.

In point of error number one, appellant asserts that the trial judge committed reversible error in allowing a juror to sit on the panel whom the defense had *intended* to strike. The record reveals that after the voir dire examination, each side submitted to the court clerk its list of strikes pursuant to TEX.CODE CRIM.PROC.ANN. art. 35.26. As the twelve jurors were seated in the jury box, and prior to the jury being sworn, the defense attorney noticed that she had made an error in the exercise of appellant's peremptory challenges and had struck Juror No. 30, when she had intended to strike Juror No. 32. Before the remainder of the jury panel was discharged, the attorney requested a bench conference where a discussion was held off the record. When the conference was concluded, the trial judge excused the remainder of the jury panel. The jury was then sworn and released for a lunch break.

At that time, outside the presence of the jury, the defense attorney stated into the record:

Prior to the jury being sworn, prior to the dismissal of the rest of the jury panel, I objected to Ms. Eads being placed on the jury. I had mistakenly written down —Ms. Eads number was 32, I had mistakenly written down 30 on my list. I had, however, on my copy of the jury list, put a "P" for preferential strike for 32, which I immediately showed the Judge as soon as I realized the mistake in the seating and I had stated that I would like for this to be corrected, that it was a mistake in numbers, it was not my intention.

To verify that a mistake had been made, the defense attorney offered into evidence

a copy of her jury list that showed that a "P" had been placed on the name of Juror No. 32. The defense attorney stated that Ms. Eads was "terribly prejudicial" to the case and that she had in fact *intended* to strike her. The trial judge denied the request to correct the error and refused to give her an additional strike.

Appellant relies upon *Pogue v. State*, 553 S.W.2d 368 (Tex.Crim.App.1977) in urging that reversible error was committed by allowing Ms. Eads to be seated on the jury. In *Pogue v. State, supra*, the defense attorney clearly indicated on the jury list submitted to the clerk that the defendant was striking Juror No. 5, and the clerk made a mistake. Since the responsibility for the error lay with the trial court, defendant was in effect denied the right to the peremptory challenges afforded by law. *Pogue, supra*, at 371. Under those circumstances, it was not necessary to establish that the defendant had been prejudiced, particularly since the defense counsel brought the matter to the trial judge's attention prior to the jury being sworn, although after the remaining panel members had been excused.

██ In this case, the error was made by the attorney for appellant. We hold in these circumstances that the attorney must establish that there was an abuse of discretion by the trial judge in refusing to correct the mistake. While appellant's attorney claimed that Juror No. 32 was "terribly prejudicial" to appellant's case, the voir dire examination was not recorded and no bill of exceptions was requested. Therefore, there is nothing in the record to substantiate appellant's claim of prejudice. Thus, the record does not reveal that the judge abused his discretion in this matter. Appellant's point of error number one is overruled.

In point of error number two, appellant urges that the evidence is insufficient to support the conviction. The standard of review in considering the sufficiency of the evidence is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Houston v. State*, 663 S.W.2d 455,

456 (Tex.Crim.App.1984); *Sutherlin v. State*, 682 S.W.2d 546, 549 (Tex.Crim.App. 1984). The evidence must be viewed in the light most favorable to the verdict. *Templin v. State*, 711 S.W.2d 30, 31 (Tex.Crim. App.1986). The appellant specifically attacks the sufficiency of the testimony of the child, S__, and the testimony of S__'s father, H__ B__. Therefore, although we consider all of the evidence in addressing a sufficiency point, for purposes of this opinion we will discuss only their testimony in determining whether the evidence is sufficient to support the conviction.

S__ B__, a seven-year old child, testified that she was asleep in her bed, when she was awakened by a man in her bedroom very early in the morning. When S__ called for her daddy, the man told her not to say another word and held a knife to her neck. When a knife was produced in court, S__ identified it as being the one used that morning. According to S__, the man kissed her and touched her bottom and then instructed her to get dressed. When S__ stated she had to use the bathroom, the man made her urinate by her closet door. The man told S__ that they were going to get her daddy's keys and money. As she was walking down the hall with the man walking behind her, they stopped by the bathroom and he picked up some of her mom's underwear, which he placed in his back pocket. At that time, the man said he was going to come back and get her mom and further that he was going to take S__ to a hotel. S__ and the man went into her dad's room, where her father was still asleep. S__ was standing in the room while the man was crawling around on the floor looking for keys and money. When H__ awoke and discovered the man in the room a fight began at which point S__ ran into another room to awaken her brother. S__ related how her dad and the man struggled throughout the apartment and ended up in the living room. As her dad wrestled the man onto the floor, a knife fell out of the man's pocket which S__ gave to her brother. H__ B__, the father of S__, then testified that at approximately 5:30 to 6:00 a.m. he awoke to see S__ standing in his bedroom already dressed in her school

clothes. As H— asked S— what she was doing up, he saw some movement on the floor, out of the corner of his eye. As H— got up out of the bed, a man stood up and started to run from the bedroom. H— identified appellant in open court as the man in his home. The appellant tried to flee through the patio door and H— grabbed him. A struggle ensued between H— and the appellant as they wrestled down the hallway to the living room. During this time a knife fell out of appellant's pocket. H— was able to contain appellant for the fifteen to twenty minute period, until the police arrived. The police retrieved the panties, a pair of pliers and the ignition for H—'s truck from appellant's pockets. H— subsequently discovered that his truck had been moved and the ignition had been stolen.

As evidence of reasonable doubt, appellant points to the fact that S— was only seven years old at the time she gave testimony in the case. The threshold consideration that determines competency of a child's testimony is whether the child witness understands what it means to tell the truth and can distinguish between truth and fiction. *Hill v. State,* 480 S.W.2d 670, 675 (Tex.Crim.App.1972). A hearing was held outside the presence of the jury on the issue of competency, and the trial judge determined that the child was competent to testify. The record does not demonstrate any abuse of discretion on the part of the trial judge.

Appellant further contends that reasonable doubt was raised because H— B— was not a credible witness because of his prior criminal record. The jury, as the trier of facts, is authorized to accept or reject any or all of the testimony of a witness. *Johnson v. State,* 571 S.W.2d 170, 173 (Tex.Crim.App.1978); *Pope v. State,* 505 S.W.2d 556, 558 (Tex.Crim.App. 1974).

■ We hold that, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Appellant's point of error number two is overruled.

In points of error numbers three and four, appellant urges that the instructions regarding parole and good time constituted a violation of the separation of powers doctrine and constituted a denial of due process. These contentions have been decided adversely to him by this Court. See *Rose v. State,* 724 S.W.2d 832 (Tex.App.—Dallas 1986, pet. granted); *Joslin v. State,* 722 S.W.2d 725 (Tex.App.—Dallas 1986, pet. granted). For the reasons stated in *Rose* and *Joslin,* points of error numbers three and four are overruled.

Since we find no reversible error in the proceedings below, we affirm the judgment.