IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-210-CR





CIPRIANO FLORES,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT



NO. 102,030, HONORABLE MACE B. THURMAN, JR., JUDGE PRESIDING



 





PER CURIAM

 A jury found appellant guilty of aggravated sexual assault. 1983 Tex. Gen. Laws,
ch. 977, § 3, at 5312 (Tex. Penal Code Ann. § 22.021, since amended). The jury assessed
punishment at imprisonment for seventy-five years.

 The court's charge authorized appellant's conviction if the jury found that he
penetrated with his sexual organ the mouth or the female sexual organ of the child victim. The
jury returned a general verdict of guilty. Appellant does not question the sufficiency of the
evidence.

 In his only point of error, appellant complains that the district court erred by
permitting a portion of the testimony to be read to the jurors without a showing that the jury
disagreed as to the testimony. Appellant bases this contention on the text of art. 36.28 of the
Code of Criminal Procedure, which states:



In the trial of a criminal case in a court of record, if the jury disagree as to the
statement of any witness they may, upon applying to the court, have read to them
from the court reporter's notes that part of such witness testimony or the particular
point in dispute, and no other . . . .



Tex. Code Crim. Proc. Ann. art. 36.28 (1981).

 During its deliberation at the guilt stage, the jury sent a note to the court that read,
"We, the jury, request a transcript of the testimony of [the victim's brother] regarding his
observation of Cipriano Flores' alleged penetration of the vagina and/or mouth of [the victim]." 
Appellant requested that the court answer this request by instructing the jurors that the testimony
would be read if they reported a disagreement about this testimony. See 8 Michael J. McCormick
& Thomas D. Blackwell, Texas Criminal Forms and Trial Manual § 80.20 (Texas Practice 9th
ed. 1985). The court declined to give the requested instruction, stating, "You know they disagree
or they wouldn't ask." The court added, "[T]he point of that statute was so that they couldn't read
back the whole testimony, but just that portion." Over appellant's objection, the court then had
the reporter read the requested testimony to the jury.

 Appellant cites no authority holding that it is error to read back a portion of a
witness' testimony in the absence of an express statement by the jury that it is in disagreement as
to the testimony. Granted, it is not error to require a jury to state that it has such a disagreement,
and it may even be the better practice to do so. See Iness v. State, 606 S.W.2d 306, 314 (Tex.
Crim. App. 1980); Corley v. State, 582 S.W.2d 815, 820 (Tex. Crim. App. 1979); Thrash v.
State, 482 S.W.2d 213, 214 (Tex. Crim. App. 1972); Fuller v. State, 716 S.W.2d 721, 724 (Tex.
App. 1986, pet. ref'd). We agree with the district court, however, that the existence of a
disagreement was implicit in the jury's request.

 Under art. 36.28, the jury is allowed to rehear only the testimony it specifically
requests. The jury's note in this cause was narrow and specific, and clearly identified the
testimony the jury wished to hear. Appellant does not contend that the testimony read to the jury
went beyond the request, nor does he contend that any material testimony was omitted. We find
that there was no violation of art. 36.28. The point of error is overruled.

 The judgment of conviction is affirmed.


[Before Justices Powers, Jones and Kidd]

Affirmed

Filed: March 18, 1992

[Publish]