### JESSE BARTON v. THE STATE.

*No. 751.    Decided June 15.*

1. **New Trial—Appointment of Counsel—Preparation for Trial.**—On a trial for assault with intent to murder, where it appeared that when the case was called for trial, defendant having no counsel, the court appointed counsel for him, who defended the case, and there was no objection to the counsel, none to proceeding with the trial, and it is not shown that further preparation was necessary before going into trial; *Held*, that a motion for new trial, upon the ground that since the trial counsel had been employed to defend him, was properly overruled.

2. **New Trial—Misconduct of Jury—Verdict Decided by Lot.**—Where, on motion for new trial, it was shown that the agreement by which the verdict was arrived at was for each juror to write his verdict upon a slip of paper, and that the total should be divided by twelve, and the quotient to be the verdict; but it appeared that the verdict returned was greater than and not in accordance with the quotient thus ascertained; *Held*, the verdict was not vitiated; the vice in such cases consists in the agreement to be bound and in abiding by the result attained by the agreement.

**3. Assault with Intent to Murder—Fact Case—Evidence Sufficient.**—See facts stated which are held to be amply sufficient to support a conviction for assault with intent to murder.

APPEAL from the District Court of Navarro. Tried below before Hon. RUFUS HARDY.

This conviction is for an assault with intent to murder, the punishment being assessed at a term of four years in the penitentiary.

The facts are concisely stated in the latter clause of the opinion.

No brief for appellant has come to the hands of the Reporter.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of assault with intent to murder, and his punishment assessed at four years in the penitentiary. After his conviction he filed an affidavit, in which it is stated he had no counsel until his case was called for trial; that then A. B. Graham, an attorney, was appointed to defend him; that the trial proceeded without any preparation therefor; that since his conviction his mother has employed counsel for him. No objection was raised to the counsel appointed; none to proceeding with the trial. It is not even stated that any further preparation was necessary before going to trial. No complaint was made against counsel trying him. It is not intimated that any injury was suffered on account of matters set up in the affidavit. It is not even claimed his employed attorney would or could have done better for him than his appointed counsel. And we are of the opinion that he suffered nothing at the hands of the counsel who defended him. He seems to have been as well defended as could have been done under the circumstances attending his case. If he had desired time for further preparation, he should have said so before going to trial.

Affidavits of two jurors attached to his motion for a new trial show, in substance, that each juror who tried the case wrote his verdict upon a slip of paper, in pursuance to an agreement, and these verdicts were then to be added together, and the sum total to be divided by twelve, and this quotient was to constitute the verdict in the case. The result thus obtained was three years and ten months. The verdict, however, returned into court, was four years. The agreement to abide the result is shown, therefore, not to have been adhered to by the jury, but was entirely disregarded and set at naught. "The impropriety in such cases is said to consist in the agreement to be bound by the result attained by the terms of the agreement," and not in the breach of such agreement. Pruitt v. The State, 30 Texas Crim. App., 156; Willson's Crim. Proc., sec. 2541.

The evidence fully justifies the verdict. The assault was made by appellant upon his divorced wife with a razor. He entered the room

where she and others were assembled, waiting upon and sitting up with a sick friend, and without a word seized his victim and cut her throat, and, when she fled, pursued, and cut at her several other times, twice cutting her clothing, and then fled. The evidence is uncontradicted. The defendant testified about as did the other witnesses in this respect.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.