## Fred Cooper v. The State.

No. 1584. Decided February 28, 1912.

**1.—Burglary—Statement of Facts.**

In the absence of a statement of facts, the question of the insufficiency of the evidence can not be considered on appeal.

**2.—Same—Jury and Jury Law—Practice—Challenge.**

Where, upon conviction of burglary, the defendant claimed that he had challenged peremptorily one of the jurors who sat upon his case, but did not raise this objection until the return of the verdict, and it appeared from the record that while defendant's counsel erased the name of said juror from the list, that he knew him well, and it must be presumed that he and his client were not absent at the trial, there was no error in overruling a motion for new trial on this ground.

Appeal from the District Court of Grayson. Tried below before the Hon. J. M. Pearson.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of burglary, his punishment being assessed at two years confinement in the penitentiary.

1. The insistence of appellant, contained in his motion for new trial, that the verdict is contrary to the law and the evidence, can not be considered for the reason the record does not contain a statement of the facts.

2. The second proposition relied upon for reversal is that the juror Oxford, who sat upon the jury, had been challenged by appellant, and that he, appellant, did not discover the fact that Oxford was upon the jury until the return of the verdict. The affidavit of Reeves, deputy district clerk, is, in substance, that there were twenty-eight jurors on the list; defendant challenged seven peremptorily, one of them being Oxford, the challenges being exercised by running a pencil mark through the name of the juror. The State made four challenges in the same manner. After this was done each side handed the list to the affiant, and he by comparing the lists selected jurors by writing down the names of the first twelve, beginning at the top of the list, which had not been scratched by either party. He further says that on the list he made out the name of Oxford did not appear. He was instructed by the court to call the jury which had been selected, and that he did not call the name of Oxford, but the name of C. L. Odneal who had been selected by both sides. That Odneal did not sit as a juror

in the case, though he had been drawn and selected, but Oxford did sit as a juror, although he had been peremptorily challenged.

After the case had been tried the jury returned into court with their verdict, and affiant called the list of the jury before reading the verdict, and then discovered for the first time that Odneal was not on the jury, but that Oxford was.

Huggins, attorney for appellant, filed his affidavit, appended to the motion for new trial, in substance, that he had exercised seven peremptory challenges and among whom was Oxford; that he did so by running a pencil mark through the name on the list furnished him by the clerk. His statement under oath is practically the same as that of Reeves. He said, however, that he did not discover until the jury had handed their verdict to the court and the court had instructed the clerk to call the names of the jurors, that Oxford was on the jury. He says he had known Oxford for years, and had seen him around the courts, and had known him to serve on juries, and that he would not have voluntarily taken him on any case wherein he was representing a party in a criminal case.

The county attorney filed a written contest in which he states that Oxford was a regular juror for the week, and that he was examined upon his voir dire by both parties, was not challenged for cause by either side, and he further states the juror had fully qualified himself by answering the usual questions. He further states the juror resided in the city of Sherman for about forty years, and counsel for appellant was at the time well acquainted with the juror personally. That neither the court nor State's counsel were aware of the fact that appellant's counsel had challenged the juror peremptorily until the jury had arrived at a verdict and roll of jurors was being called by the clerk prior to reading the verdict of the jury. He further states that Oxford by mistake, thinking he had been selected as a juror, went into the box and was sworn with the other jurors. That defendant and his counsel were present, and neither made any objection, but accepted him as a juror, and without objection permitted the verdict of the jury to be read in the case, and that at no time did he move the court to withdraw his plea and have the jury discharged and draw another jury; that under all these facts he accepted the juror and failed to exercise any diligence to prevent the juror from sitting in the case.

Evidence was introduced in regard to this ground of the motion, and appellant's counsel, Huggins, testified that he had known Oxford for about fifteen years. He further stated he was confident that he had known him for ten years, but did not notice that he was on the jury until after they had handed their verdict to the court, and the court had instructed the clerk to call the names of the jurors. He further testified he did not request the court to quash the panel nor ask the court to set aside the juror at any time, but that he would not have taken the juror willingly. He further states the juror was questioned on his voir dire, and stated he had no opinion as to the guilt or inno-

cence of the accused, and could give him a fair trial if selected as a juror, and that he did not challenge the juror for cause but did so peremptorily. Oxford was not present when motion for new trial was heard, but it was agreed that he had served as a juror, but thought his name had been called by the clerk, and under those circumstances served as a juror in the case.

We are of opinion this matter came too late. It is conceded that appellant's counsel did erase the name of Oxford from the list handed him, and that he and his client were present when Oxford went upon the jury and was sworn, and that the attorney represented his client during the trial. Of course, it is known and understood that the trial was not had without the presence of appellant and his counsel, and there is no attempt to show their absence. If that was not true, another ground would have been presented by the motion for new trial evidently, to wit, the accused was tried in his absence and without the benefit of counsel. We do not believe this court would be justified in reversing a judgment under the circumstances stated in the affidavits and evidence introduced on motion for new trial. In representing his client, if he made an argument before the jury he evidently faced them, and the slightest observance would have discovered the fact that Oxford was on the jury, and appellant's counsel states he had known the juror ten, perhaps fifteen years. Under these circumstances we do not believe this court would be called upon to reverse the judgment.

The judgment is therefore affirmed.

*Affirmed.*