**Dennis Wayne BAGWELL, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–82–089–CR.**

Court of Appeals of Texas,
Corpus Christi.

Sept. 15, 1983.

Rehearing Denied Sept. 15, 1983
(Overruled).

John W. Clark, Mission, for appellant.

Rene Guerra, Dist. Atty., Edinburg, for appellee.

Before BISSETT, UTTER and GONZA-LEZ, JJ.

OPINION

GONZALEZ, Justice.

The opinion of this Court announced on September 1, 1983 is hereby withdrawn and this opinion is substituted therefor.

This is an appeal from a conviction for burglary of a habitation. The jury assessed punishment at five years confinement and a fine of $250.00 and recommended suspension of the confinement and placement of appellant on probation. Appellant alleges error in the selection of the jury. We affirm.

On September 9, 1981, the home of Ana Maria Vargas was broken into and a stereo and its speakers were taken. A witness testified that he observed appellant enter a window of the Vargas' house and come out with the stereo and the speakers.

In his sole ground of error, appellant contends that the trial court erred in denying his motion for a mistrial because the jury was improperly and illegally selected since the first twelve potential jurors who were not challenged were not seated as jurors.

Appellant argues that the statutory selection procedure was not followed and this error was harmful in that "as a direct result of it he had to take a Juror that he did not have an opportunity to voir dire."

The record reflects that the trial judge conducted a general voir dire introducing the parties; explaining the challenges; stating the charge and the effect of an indictment; explaining the presumption of innocence, burden of proof, reasonable doubt, the right against self-incrimination, objections; and informing the panel of the right to assess punishment. The prosecutor then asked questions of the panel. Thereafter, the defense attorney asked questions of the panel in general and also asked individual veniremen some questions. When he finished questioning Juror No. 30, he stat-

ed: "If it please the Court, I'll only cover two more." The record also reflects that the trial court granted two challenges for cause.

After both sides had rested and closed, but before final arguments, the trial judge informed counsel that the clerk had made an error in preparing the jury chosen list in that she had inadvertently left out Juror No. 25. This juror had not been stricken by either side nor had she been excused by the court.

An evidentiary hearing was had outside the presence of the jury and it was stipulated that Juror No. 25 should have been seated. The deputy clerk testified that she made a mistake in preparing the list and that she did not know either Juror No. 25 nor Juror No. 35, the twelfth juror seated. Appellant's motion for a mistrial was denied and it is this ruling that is the basis of the appeal.

Appellant contends that the trial court committed reversible error when it failed to follow the provisions of Art. 35.26(a) Tex. Code Crim.Proc.Ann. (Vernon Supp.1982). Article 35.26(a) provides in pertinent part:

"When the parties have made or declined to make their preemptory challenges, they shall deliver their lists to the clerk. Except as provided in subsection (b) of this section, the clerk shall, if the case be in the district court, call off the first twelve names on the list that have not been stricken. If the case be in the county court, he shall call off the first six names on the list that have not been stricken. Those whose names are called shall be the jury."

In *Granger v. State,* 31 S.W. 671 (Tex.Cr. App.1895), a perspective juror accepted by both the Defendant and the State was left off the jury that heard the case. It was held that the Defendant could not wait until after the trial and for the first time complain on motion for new trial about the exclusion of the juror.

In *Anderson v. State,* 142 Tex.Cr.R. 384, 154 S.W.2d 482 (1941), a juror whose name was not called took his place in the jury box thinking his name was called and was empaneled on the jury, and it was not until the next day after the case had proceeded to trial that the District Clerk discovered that a juror had been mistakenly empaneled. The court held that the overruling of defendant's motion for mistrial was not error and said:

"It is the duty of the parties to see that, as empaneled, the box does not contain a juror who has been challenged by striking; should such a juror remain and be sworn, the court is not obliged to discharge him and substitute another juror. A fortiori, the verdict is not vitiated thereby—at least unless the complainant can affirmatively show that the unaccepted juror was prejudice."

No prejudice is shown by appellant. There was no violation of the spirit nor intent in Art. 35.26(a) (Vernon Supp.1982) of the Texas Code of Criminal Procedure. *Griffin v. State,* 481 S.W.2d 838 (Tex.Cr. App.1972). Appellant's ground of error is overruled.

The judgment of the trial court is AFFIRMED.