ACCEPTED
06-14-00210-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
3/3/2015 5:10:27 PM
DEBBIE AUTREY
CLERK

**No. 06-14-0210-CR**

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
3/4/2015 9:27:00 AM
DEBBIE AUTREY
Clerk

IN THE SIXTH COURT OF APPEALS

at TEXARKANA

_____

**ZACKERY SUMMAGE**,

*Appellant*

vs.

**STATE OF TEXAS,**

*Appellee*

_____

Appeal from the District Court of Harrison County, Texas
71st Judicial District

_____

**APPELLANT'S BRIEF**

_____


Troy Hornsby

*Miller, James, Miller & Hornsby, L.L.P.*
1725 Galleria Oaks Drive
Texarkana, Texas 75503
troy.hornsby@gmail.com
903.794.2711, f. 903.792.1276

Attorney for Appellant
Zackery Summage


**Oral Argument Requested**

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to Texas Rule of Appellate Procedure 38.1(a), the following is a complete list of all parties to the trial court's judgment and the names and addresses of all trial and appellate counsel:

| **Appellant** | **Appellant's appellate counsel** |
|---|---|
| Zackery Summage | Troy Hornsby<br>*Miller, James, Miller, & Hornsby, LLP*<br>1725 Galleria Oaks Drive<br>Texarkana, Texas 75503 |
| | **Appellant's trial counsel** |
| | Ms. Cheryl Cooper-Sammons<br>P.O. Box 8517<br>Marshall, Texas  75671 |
| **Appellee** | **Appellee's appellate/trial counsel** |
| State of Texas | Shawn Connally<br>Harrison County District Attorney<br>P. O. Box 776<br>Marshall, Texas 75671-0776 |

# TABLE OF CONTENTS

Identity of Parties and Counsel . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Index of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Issues Presented . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Statement of Oral Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Summary of the Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

       **Issue 1:**   It was a violation of Texas Code of Criminal Procedure Article 33.03 to swear in the jury without Summmage present, when the appellate record did not establish if and/or when the parties exercised their peremptory strikes.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

                 Preservation of Error . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

                 Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

                 Law and Application . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

                 Harmful Error . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

       **Issue 2:**   The appellate record does not establish that Summmage voluntarily absented himself from the start of the trial.. 24

                 Preservation of Error . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

                 Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

                 Law and Application . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

                 Harmful Error . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

**Issue 3:** The appellate record does not contain the parties' peremptory strikes. Accordingly, the Clerk does not appear to have seated the first twelve eligible panelists from the jury panel list which is fundamental error . . . 32

Preservation of Error . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

Law and Application . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

Harmful Error . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

Prayer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

Certificate of Compliance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

**INDEX OF AUTHORITIES**

**CASES:**                                                 **PAGE**

*Acosta v. State,*
522 S.W.2d 528 (Tex. Crim. App. 1975) . . . . . . . . . . . . . . . . . . . . . . . . . 33

*Aldrick v. State,*
104 S.W.3d 890 (Tex. Crim. App. 2003) . . . . . . . . . . . . . . . . . . . . 16,25,33

*Ashley v. State,*
404 S.W.3d 672 (Tex. App.—El Paso 2013, no pet.) . . . . . . . . . . . . . . 27

*Bagwell v. State,*
657 S.W.2d 526 (Tex. App.—Corpus Christi 1983, pet. ref'd) . . . 34,36

*Bath v. State,*
951 S.W.2d 11 (Tex. App.—Corpus Christi 1997, pet. ref'd) . . . . 22,31

*Bird v. State,*
527 S.W.2d 891 (Tex. Crim. App. 1975) . . . . . . . . . . . . . . . . . . . . . . . . . 39

*Bledsoe v. State,*
936 S.W.2d 350 (Tex. App.—El Paso 1996, no writ) . . . . . . . . . . . 23,31

*Brumit v. State,*
206 S.W.3d 639 (Tex. Crim. App. 2006) . . . . . . . . . . . . . . . . . . . . 16,25,33

*Cooper v. State,*
144 S.W. 937 (Tex. Crim. App. 1912) . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

*Crist v. Bretz,*
437 U.S. 28 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Garcia v. State,*
149 S.W.3d 135 (Tex. Crim. App. 2004) . . . . . . . . . . . . . . . . . . . . 16,24,33

*Granger v. State,*
31 S.W. 671 (Tex. Crim. App. 1895) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

*Griffin v. State,*
481 S.W.2d 838 (Tex. Crim. App. 1972) . . . . . . . . . . . . . . . . . . . . . . . . . 36

*Hodges v. State,*
 116 S.W.3d 289 (Tex. App.—Corpus Christi 2003,
 pet. ref'd) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16,22,25,30

*Hudson v. State,*
 128 S.W.3d 367 (Tex. App.—Texarkana 2004, no pet.) . . . . . . . . . 17,26

*In re Commitment of Young,*
 410 S.W.3d 542 (Tex. App.—Beaumont 2013, no pet.) . . . . . . . . . 22,30

*Jackson v. Golden Eagle Archery, Inc.,*
 974 S.W.2d 952 (Tex. App.—Beaumont 1998),
 *rev'd,* 24 S.W.3d 362 (Tex. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

*Jasper v. State,*
 61 S.W.3d 413 (Tex. Crim. App. 2001) . . . . . . . . . . . . . . . . . . . . . . 22,30

*Johnson v. State,*
 967 S.W.2d 410 (Tex. Crim. App. 1998) . . . . . . . . . . . . . . . . . . . 22,30,38

*Johnson v. State,*
 43 S.W.3d 1 (Tex. Crim. App. 2001) . . . . . . . . . . . . . . . . . . . . . . 22,30,38

*King v. State,*
 953 S.W.2d 266 (Tex. Crim. App. 1997) . . . . . . . . . . . . . . . . . . . 22,30,38

*Lewis v. United States,*
 146 U.S. 370, 13 S.Ct. 136, 36 L.Ed. 1011 (1892) . . . . . . . . . . . . . . . . . 18

*Macias v. State,*
 189 S.W. 953 (Tex. Crim. App. 1916) . . . . . . . . . . . . . . . . . . . . . . . . . . 33

*Marin v. State,*
 851 S.W.2d 275 (Tex. Crim. App.1993) . . . . . . . . . . . . . . . . . . . . 16,24,32

*Miller v. State,*
 692 S.W.2d 88 (Tex. Crim. App. 1985)
 (en banc) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16,18,19,21,25,26,27,33

*Miller v. State,*
 623 S.W.2d 491 (Tex. App.—Beaumont 1981),
 *aff'd,* 692 S.W.2d 88 (Tex. Crim. App. 1985)) . . . . . . . . . . . . . . . . . 18,21

*Moore v. State,*
670 S.W.2d 259 (Tex. Crim. App. 1984) (en banc) . . . . . . . . . . . . . 17,26

*Papakostas v. State,*
145 S.W.3d 723 (Tex. App.—Corpus Christi 2004, no pet.) . . . . . . . . 25

*Pittman v. State,*
34 S.W.2d 352 (Tex. Crim. App. 1968) . . . . . . . . . . . . . . . . . . . . . . . . . 37

*Ramsey v. Dunlop,*
146 Tex. 196, 205 S.W.2d 979 (Tex. 1947) . . . . . . . . . . . . . . . . . . 16,25,33

*Rodriguez v. State,*
71 S.W.3d 800 (Tex. App.—Texarkana 2002, no pet.) . . . . . . . . 16,25,33

*Rushing v. State,*
50 S.W.3d 715 (Tex. App.—Waco 2001),
*aff'd,* 85 S.W.3d 283 (Tex. Crim. App. 2002) . . . . . . . . . . . . . . . 16,25,33

*Saldano v. State,*
70 S.W.3d 873 (Tex. Crim. App. 2002) . . . . . . . . . . . . . . . . . . . . . . . . 32

*Schutz v. State,*
63 S.W.3d 442 (Tex. Crim. App. 2001) . . . . . . . . . . . . . . . . . . . . . 22,30,38

*Sumrell v. State,*
326 S.W.3d 621 (Tex. App.—Dallas 2009), *pet. dism'd improvidently
granted,* 320 S.W.3d 338 (Tex. Crim. App. 2010) . . . . . . . . . . . . . . 23,31

*Taylor v. United States,*
414 U.S. 17 (1973) (per curiam) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18,26

*Tracy v. State,*
14 S.W.3d 820 (Tex. App.—Dallas 2000, pet. ref'd) . . . . . . . . . . . . 16,25

*Villarreal v. State,*
935 S.W.2d 134 (Tex. Crim. App. 1996) . . . . . . . . . . . . . . . . . . . . . . . . 34

*Weber v. State,*
829 S.W.2d 394 (Tex. App.—Beaumont 1992, no pet.) . . . . . . . . . 23,31

*West v. State,*
114 S.W. 142 (Tex. Crim. App. 1908) . . . . . . . . . . . . . . . . . . . . . . . . . . 33

*White v. White,*
    108 Tex. 570, 196 S.W. 508 (Tex. 1917) . . . . . . . . . . . . . . . . . . . . . . . . . . . 35


**CONSTITUTIONS:**

Tex. Const. art. I, § 10 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Tex. Const. art. I, § 15 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

Tex. Const. art. V, § 10 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

Tex. Const. art. V, § 13 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

U.S. Const. Amend. VI . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18


**STATUTES/RULES:**

Tex. Code Crim. Proc. Ann. art. 33.01 (West 2006) . . . . . . . . . . . . . . . . . . . . 35

Tex. Code Crim. Proc. Ann. art. 33.03 (West 2006)  13,15,16,17,18,21,25,26,27

Tex. Code Crim. Proc. Ann. art. 35.26(a) (West 2006) . . . 14,32,33,34,35,36,38

Tex. R. App. P. 33.1(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15,24,32

Tex. R. App. P. 44.2(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22,30,38

**STATEMENT OF THE CASE**

*Nature of case:*     This is an appeal from a conviction for assault (of a public servant), pursuant to Texas Penal Code section 22.01. (C.R. pg. 45).

*Judge/Court:*     Judge Brad Morin of the 71st District Court of Harrison County, Texas. (C.R. pg. 28).

*Plea:*     Zackery Summage (Summage) entered a plea of "not guilty" to the allegation against him. (R.R. vol. 3 pg. 4).

*Trial disposition:*     The case was tried to a jury which found Summage guilty of assault (of a public servant) and recommended a sentence of 8 years (C.R. pg. 366) which was imposed by the trial court. (C.R. pg. 366)

## ISSUES PRESENTED

**Issue 1:** It was a violation of Texas Code of Criminal Procedure Article 33.03 to swear in the jury without Summage present, when the appellate record did not establish if and/or when the parties exercised their peremptory strikes.

**Issue 2:** The appellate record does not establish that Summage voluntarily absented himself from the start of the trial.

**Issue 3:** The appellate record does not contain the parties' peremptory strikes. Accordingly, the Clerk does not appear to have seated the first twelve eligible panelists from the jury panel list which is fundamental error.

**STATEMENT OF ORAL ARGUMENT**

Oral argument might assist the court in considering (1) the absence of Summage from trial and the reasons therefor as well as (2) the absence of the peremptory strikes in the appellate record and its effects.

## STATEMENT OF FACTS

The State alleges that Zachery Summage's automobile was broken down on the side of the interstate. (R.R. vol. 3 pg. 24). A tow-truck driver, who was attempting to assist Summage, smelled marijuana and contacted police. (R.R. vol. 3 pg. 26-29). A sheriff's deputy obtained Summage's permission to search Summage's automobile. (R.R. vol. 3 pg. 56). The deputy located a small amount of marijuana and $8,000 - $10,000 in cash. (R.R. vol. 3 pg. 62). Summage grabbed the cash from a deputy, struck the deputy in the face with his first and fled into nearby woods with the cash. (R.R. vol. 3 pg. 67).

## SUMMARY OF THE ARGUMENT

**Issue 1:** It was a violation of Texas Code of Criminal Procedure Article 33.03 to swear in the jury without Summage present, when the appellate record did not establish if and/or when the parties exercised their peremptory strikes.

Smith was not present at trial when the jury was initially sworn. Texas Code of Criminal Procedure Article 33.03 requires a defendant to be present until the jury has been "selected," which case law tells us occurs when the parties submit their peremptory strikes. Here, the appellate record does not contain the parties' peremptory strike lists. Therefore, Smith should have been present until the jury was sworn.

**Issue 2:** The appellate record does not establish that Summage voluntarily absented himself from the start of the trial.

Smith was not present at trial when the jury was initially sworn and the trial began. The evidence at trial as to the reason for Summage's absence is too sketchy to conclude that Summage voluntarily absented himself from the trial.

**Issue 3:** The appellate record does not contain the parties' peremptory strikes. Accordingly, the Clerk does not appear to have seated the first twelve eligible panelists from the jury panel list which is fundamental error.

The Clerk did not appear to seat the first twelve eligible panelists

13

from the jury panel as required by Texas Code of Criminal Procedure 35.26. Presumably, this is because the Clerk was skipping the jury panel members who had been peremptorily striken by the parties. However, because those peremptory strikes do not appear in the appellate record, it was fundamental error.

**Issue 1:** It was a violation of Texas Code of Criminal Procedure Article 33.03 to swear in the jury without Summage present, when the appellate record did not establish if and/or when the parties exercised their peremptory strikes.

Smith was not present at trial when the jury was initially sworn. Texas Code of criminal Procedure Article 33.03 requires a defendant to be present until the jury has been "selected," which case law tells us occurs when the parties submit their peremptory strikes. Here, the appellate record does not contain the parties' peremptory strike lists. Therefore, Smith should have been present until the jury was sworn.

### Preservation of Error

To preserve a complaint for appellate review, a party must generally have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion. *See* Tex. R. App. P. 33.1(a). Here, when trial began on the morning of trial, the Judge asked if the parties were ready. Summage's attorney did not say yes, rather, she explained Summage's absence. (R.R. vol. 3 pg. 9). This should be interpreted as a request for a continuance, which was denied by the Judge when the Judge immediately stated "I am ready to proceed." (R.R. vol. 3 pg. 9). Accordingly, this issue was preserved for appellate review.

15

Additionally, error which is based upon an absolute right or prohibition need not be preserved. *Marin v. State*, 851 S.W.2d 275 (Tex. Crim. App.1993) (discussing three types of rights); *see also Garcia v. State*, 149 S.W.3d 135, 144 (Tex. Crim. App. 2004). Such error is often called fundamental error. *See e.g. Brumit v. State*, 206 S.W.3d 639 (Tex. Crim. App. 2006). An error is considered fundamental when it "directly and adversely affects the interest of the public generally, as that interest is declared in the statutes or Constitution of this state." *Ramsey v. Dunlop*, 146 Tex. 196, 202, 205 S.W.2d 979, 983 (1947). A denial of absolute systemic requirements does not require a timely and specific objection to raise for the first time on appeal. *See Aldrick v. State*, 104 S.W.3d 890, 895 (Tex. Crim. App. 2003); *Rodriguez v. State*, 71 S.W.3d 800, 802 (Tex. App.—Texarkana 2002, no pet.); *Rushing v. State*, 50 S.W.3d 715, 723 (Tex. App.—Waco 2001), *aff'd*, 85 S.W.3d 283 (Tex. Crim. App. 2002).

In *Hodges v. State*, the Corpus Christi Court of Appeals found that a violation of Texas Code of Criminal Procedure Article 33.03 need not be preserved, but was fundamental. 116 S.W.3d 289, 296 (Tex. App.—Corpus Christi 2003, pet. ref'd)( citing *Miller v. State*, 692 S.W.2d 88, 91 (Tex. Crim. App. 1985); *Tracy v. State*, 14 S.W.3d 820, 826 (Tex. App.—Dallas 2000, pet. ref'd)). Stated another way, an accused's right to be present at trial is unwaivable until such time as the jury "has been selected." *Miller v. State*, 692 S.W.2d 88, 91 (Tex. Crim. App. 1985).

16

## Standard of Review

Whether the trial court erred in proceeding with the trial is reviewed under an abuse of discretion standard. *Moore v. State*, 670 S.W.2d 259, 261 (Tex. Crim. App. 1984) (en banc). The defendant must provide evidence to refute the trial court's determination, or we will not disturb the trial court's finding. *Hudson v. State*, 128 S.W.3d 367, 375-6 (Tex. App.—Texarkana 2004, no pet.).  In most cases, appellate courts must determine from hindsight the validity of the trial court's voluntariness determination. *Hudson v. State*, 128 S.W.3d 367, 375 (Tex. App.—Texarkana 2004, no pet.).  In this review, courts are not limited only to the record before the trial court at the time of its ruling. *Moore v. State*, 670 S.W.2d 259, 261 (Tex. Crim. App. 1984).  As long as there is "some evidence" supporting the trial court's determination, the appellate court should not disturb the ruling absent evidence from the defendant showing that his absence was involuntary. *Moore v. State*, 670 S.W.2d 259, 261 (Tex. Crim. App. 1984).

## Law and Application

Smith was not present at trial when the jury was initially sworn. Texas Code of Criminal Procedure Article 33.03 requires a defendant to be present until the jury has been "selected," which case law tells us occurs when the parties submit their peremptory strikes.  Here, the appellate record does not contain the parties' peremptory strike lists.  Therefore,

Smith should have been present until the jury was sworn.

This Court has held, under the Sixth Amendment to the United States Constitution and Article I, § 10 of the Bill of Rights in the Constitution of Texas, that "within the scope of the right of confrontation is the absolute requirement that a criminal defendant who is threatened with loss of liberty be physically present at all phases of proceedings against him, *Lewis v. United States*, 146 U.S. 370, 13 S.Ct. 136, 36 L.Ed. 1011 (1892), *Miller v. State*, 692 S.W.2d 88, 90 (Tex. Crim. App. 1985) (en banc) (citing *Taylor v. United States*, 414 U.S. 17, 20 (1973) (per curiam)). However, the Texas Supreme Court has concluded that greater protection is afforded a defendant under Article 33.03 of the Texas Code of Criminal Procedure. *Miller v. State*, 692 S.W.2d 88, 91 (Tex. Crim. App. 1985) (en banc). Article 33.03 of the Texas Code of Criminal Procedure provides that when a case is to be tried to a jury, the defendant must be present, at least until the jury has been "selected". Tex. Code Crim. Proc. Ann. art. 33.03 (West 2006).

In *Miller v. State*, the Beaumont Court of Appeals had to determine when the jury "has been selected", as provided in Texas Code of Criminal Procedure article 33.03, to mean impaneled and sworn. *Miller v. State*, 623 S.W.2d 491 (Tex. App.—Beaumont 1981), aff'd, 692 S.W.2d 88 (Tex. Crim. App. 1985). However, the Texas Court of Criminal Appeals reviewed the case and construed the term "has been selected" not to mean "impaneled

18

and sworn." *Miller v. State*, 692 S.W.2d 88 (Tex. Crim. App. 1985). Rather, the Texas Court of Criminal Appeals specifically concluded that the jury was "selected" once "the parties handed in their respective jury lists, with the [peremptory] challenges noted thereon." *Miller v. State*, 692 S.W.2d 88, 93 (Tex. Crim. App. 1985).

Here, jury selection had generally taken place on November 3, 2014, where challenges for cause had been made. (R.R. vol. 2 pg. 1). At the end of jury selection was a single entry in the Reporter's Record: "(Recess for strikes.)". (R.R. vol. 2 pg. 117). There is no indication if and/when any peremptory strikes had been made by either party. Additionally, the jury was not sworn that day. (R.R. vol. 2 pg. 1). The guilt innocence phase of the trial began on the morning of November 6, 2014. (R.R. vol. 3 pg. 1). At that time, Summage was not present. (R.R. vol. 3 pg. 9). The Reporter's Record reflects the following:

> MS. COOPER-SAMMONS: Your Honor, I haven't seen my client. I can check my phone. I was on the third floor looking at a video that was just recently presented to me as the edited tape on this case. My client did text me earlier to say he was on his way. I know he's coming from the Shreveport area, Your Honor.
>
> THE COURT: I'm ready to proceed. And I have -- I mean, this showing up late every single time is getting really tiring, Ms. Cooper-Sammons. And I know that he was like this the other day, so...
>
> MS. COOPER-SAMMONS: I will just go ahead -- if you would give me a moment just to text him and let him know that we're starting his trial. If you would allow me that courtesy to text him that information.

19

THE COURT: I will.

. . .

MS. COOPER-SAMMONS: If I can just have a moment to call him to see where he is, Your Honor.

THE COURT: You can do that. I'm still going to issue a bond forfeiture. Mr. Denny, I need you to call for the defendant, Zachary Summage.

THE BAILIFF: Yes, sir.

THE COURT: You can -- if you wish to call him, Ms. Cooper-Sammons.

(Pause in proceedings.)

MS. COOPER-SAMMONS: I was able to speak to my client. He says he's ten minutes away.

THE COURT: You know, his liberty's at stake, Ms. Cooper-Sammons, and I instructed him to be here at 8:30. So when Mr. Denny comes back, a bond forfeiture will issue if he does not appear. I will make sure that he's with us the rest of the day. I can do that.

MS. COOPER-SAMMONS: Okay. Your Honor, he did also let me know that something came up with his mother as an extenuating circumstance, that he had to assist her in some issue. She's got a medical condition, and he had to assist her to do something this morning, and that's why he's late. That's all I can tell you, Your Honor.

MR. CONNALLY: And did not deem it worthy to contact either his lawyer or the Court to inform anyone of said situation.

THE COURT: Mr. Denny, was there any response for Zachary Summage?

THE BAILIFF: No response, Your Honor.

THE COURT: Bond forfeiture will be issued. Bring in the jury,

20

please.

THE BAILIFF: Yes, sir.

(Jury enters the courtroom.)

(Open court, no defendant, jury present.)

THE COURT: I need for the jury to please remain standing. If you'll raise your right hands.

(Jury sworn.)

(R.R. vol. 3 pg. 9-11). Thus, although Summage was generally present for the jury selection process involving the challenges for cause, we don't know if he was present for any challenges for cause, if any, and he was not present when the jury was actually sworn or to enter his plea to the charges against him.

The problem here is that the appellate record does not establish if and/or when either party submitted peremptory strikes. Accordingly, the specific test provided in *Miller* cannot be applied here. This presents the question: what test should we fall back on? The only other potential test discussed in *Miller* was to conclude that the magic point was when the jury was "impaneled and sworn," 623 S.W.2d 491 (Tex. App.—Beaumont 1981), aff'd, 692 S.W.2d 88 (Tex. Crim. App. 1985), which is when jeopardy attaches. *Crist v. Bretz*, 437 U.S. 28 (1978).

Applying the fall back test, Summage was not present when the jury was sworn, in violation of Texas Code of Criminal Procedure article 33.03.

21

## Harmful Error

An error must affect the substantial rights of the accused to be harmful. *See* Tex. R. App. P. 44.2(b). A "substantial right" is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266 (Tex. Crim. App. 1997) (citing Tex. R. App. P. 44.2(b)). Alternatively, error is harmless if the error "did not influence the jury, or had but a slight effect." *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). The appellant does not bear the burden to establish such harmful error. *Schutz v. State*, 63 S.W.3d 442, 444 (Tex. Crim. App. 2001); *Johnson v. State*, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001). Rather, it is the responsibility of the appellate court to assess harm after reviewing the record. *Schutz v. State*, 63 S.W.3d 442, 444 (Tex. Crim. App. 2001); *Johnson v. State*, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001).

Some courts have interpreted the harmful error requirement to mean that a defendant must establish that presence at the missed portion of the trial bears a reasonably substantial relationship to the opportunity to defend the case. *See e.g. In re Commitment of Young*, 410 S.W.3d 542, 553 (Tex. App.—Beaumont 2013, no pet.)(citing *Jasper v. State*, 61 S.W.3d 413, 422-24 (Tex. Crim. App. 2001)) (defendant's absence when jurors' excuses heard was harmless); *Hodges v. State*, 116 S.W.3d 289, 296-97 (Tex. App.—Corpus Christi 2003, pet. ref'd) (defendant's absence during peremptory strikes harmless where defendant later waived jury); *Bath v.*

*State*, 951 S.W.2d 11, 22-23 (Tex. App.—Corpus Christi 1997, pet. ref'd) (defendant's absence when venire member qualified and juror exemptions heard was harmless); *Weber v. State*, 829 S.W.2d 394, 395-97 (Tex. App.—Beaumont 1992, no pet.) (defendant's absence when juror excuses heard was harmless); *Sumrell v. State*, 326 S.W.3d 621, 624-27 (Tex. App.—Dallas 2009), *pet. dism'd improvidently granted*, 320 S.W.3d 338 (Tex. Crim. App. 2010) (defendant's absence during individual questioning of jurors who expressed bias was harmful); *Bledsoe v. State*, 936 S.W.2d 350, 351 (Tex. App.—El Paso 1996, no writ) (defendant's absence during individual voir dire was harmful).

Here, Summage was not present when the jury was sworn and was not present to enter his plea to the charges against him. In fact, the appellate record does not affirmatively establish that Summage was present at trial until sometime before 10:15 that morning, when a witness identified Summage as "sitting right there." (R.R. vol. 3 pg. 69,71). Thus, Summage completely missed the testimony of witness Joe Castillo, and the majority of the testimony of witness Sam Lavender. This portion of the trial bears a reasonably substantial relationship to the opportunity to defend the case.

23

**Issue 2:**    The appellate record does not establish that Summage voluntarily absented himself from the start of the trial.

Smith was not present at trial when the jury was initially sworn and the trial began. The evidence at trial as to the reason for Summage's absence is too sketchy to conclude that Summage voluntarily absented himself from the trial.

### Preservation of Error

To preserve a complaint for appellate review, a party must generally have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion. *See* Tex. R. App. P. 33.1(a). Here, when trial began on the morning of trial, the Judge asked if the parties were ready. Summage's attorney did not say yes, rather, she explained Summage's absence. (R.R. vol. 3 pg. 9). This should be interpreted as a request for a continuance, which was denied by the Judge when the Judge immediately stated "I am ready to proceed." (R.R. vol. 3 pg. 9). Accordingly, this issue was preserved for appellate review.

Additionally, error which is based upon an absolute right or prohibition need not be preserved. *Marin v. State,* 851 S.W.2d 275 (Tex. Crim. App.1993) (discussing three types of rights); *see also Garcia v. State,* 149 S.W.3d 135, 144 (Tex. Crim. App. 2004). Such error is often called

24

fundamental error. *See e.g. Brumit v. State*, 206 S.W.3d 639 (Tex. Crim. App. 2006). An error is considered fundamental when it "directly and adversely affects the interest of the public generally, as that interest is declared in the statutes or Constitution of this state." *Ramsey v. Dunlop*, 146 Tex. 196, 202, 205 S.W.2d 979, 983 (1947). A denial of absolute systemic requirements does not require a timely and specific objection to raise for the first time on appeal. *See Aldrick v. State*, 104 S.W.3d 890, 895 (Tex. Crim. App. 2003); *Rodriguez v. State*, 71 S.W.3d 800, 802 (Tex. App.—Texarkana 2002, no pet.); *Rushing v. State*, 50 S.W.3d 715, 723 (Tex. App.—Waco 2001), *aff'd*, 85 S.W.3d 283 (Tex. Crim. App. 2002).

In *Hodges v. State*, the Corpus Christi Court of Appeals found that a violation of Texas Code of Criminal Procedure Article 33.03 need not be preserved, but was fundamental. 116 S.W.3d 289, 296 (Tex. App.—Corpus Christi 2003, pet. ref'd)( citing *Miller v. State*, 692 S.W.2d 88, 91 (Tex. Crim. App. 1985) and *Tracy v. State*, 14 S.W.3d 820, 826 (Tex. App.—Dallas 2000, pet. ref'd)). Stated another way, an accused's right to be present at trial is unwaivable until such time as the jury "has been selected." *Miller v. State*, 692 S.W.2d 88, 91 (Tex. Crim. App. 1985).

## Standard of Review

An appellate court should review the trial court's determination that a defendant is voluntarily absent for abuse of discretion. *Papakostas v. State*,

145 S.W.3d 723, 725 n.2 (Tex. App.—Corpus Christi 2004, no pet.) (citing *Moore v. State*, 670 S.W.2d 259, 261 (Tex. Crim. App. 1984) (en banc)). In most cases, appellate courts must determine from hindsight the validity of the trial court's voluntariness determination. *Hudson v. State*, 128 S.W.3d 367, 375 (Tex. App.—Texarkana 2004, no pet.). In this review, courts are not limited only to the record before the trial court at the time of its ruling. *Moore v. State*, 670 S.W.2d 259, 261 (Tex. Crim. App. 1984). As long as there is "some evidence" supporting the trial court's determination, the appellate court should not disturb the ruling absent evidence from the defendant showing that his absence was involuntary. *Moore v. State*, 670 S.W.2d 259, 261 (Tex. Crim. App. 1984).

**Law and Application**

Smith was not present at trial when the jury was initially sworn and the trial began. The evidence at trial as to the reason for Summage's absence is too sketchy to conclude that Summage voluntarily absented himself from the trial.

A criminal defendant has a right under the state and federal constitutions to be present during all phases of the trial. *Miller v. State*, 692 S.W.2d 88, 90 (Tex. Crim. App. 1985) (en banc) (citing *Taylor v. United States*, 414 U.S. 17, 20 (1973) (per curiam)). Article 33.03 of the Texas Code of Criminal Procedure provides that when a case is to be tried to a jury, the

defendant must be present, at least until the jury has been empaneled and sworn. Tex. Code Crim. Proc. Ann. art. 33.03 (West 2006). However, the defendant can forfeit his right to be present by voluntarily absenting himself after the jury is sworn. *Miller v. State*, 692 S.W.2d 88, 90 (Tex. Crim. App. 1985) (en banc); *see Ashley v. State*, 404 S.W.3d 672, 681 (Tex. App.—El Paso 2013, no pet.) (observing that "the right to be present until the selection of the jury cannot be waived," but that it does not violate the defendant's rights to proceed with the trial if the defendant voluntarily absents himself after the jury is selected).

Here, jury selection had taken place on November 3, 2014. (R.R. vol. 2 pg. 1). The guilt innocence phase of the trial began on the morning of November 6, 2014. (R.R. vol. 3 pg. 1). At that time, Summage was not present. (R.R. vol. 3 pg. 9). The Reporter's Record reflects the following:

> MS. COOPER-SAMMONS: Your Honor, I haven't seen my client. I can check my phone. I was on the third floor looking at a video that was just recently presented to me as the edited tape on this case. My client did text me earlier to say he was on his way. I know he's coming from the Shreveport area, Your Honor.
>
> THE COURT: I'm ready to proceed. And I have -- I mean, this showing up late every single time is getting really tiring, Ms. Cooper-Sammons. And I know that he was like this the other day, so...
>
> MS. COOPER-SAMMONS: I will just go ahead -- if you would give me a moment just to text him and let him know that we're starting his trial. If you would allow me that courtesy to text him that information.
>
> THE COURT: I will.

.  .  .

MS. COOPER-SAMMONS: If I can just have a moment to call him to see where he is, Your Honor.

THE COURT: You can do that. I'm still going to issue a bond forfeiture. Mr. Denny, I need you to call for the defendant, Zachary Summage.

THE BAILIFF: Yes, sir.

THE COURT: You can -- if you wish to call him, Ms. Cooper-Sammons.

(Pause in proceedings.)

MS. COOPER-SAMMONS: I was able to speak to my client. He says he's ten minutes away.

THE COURT: You know, his liberty's at stake, Ms. Cooper-Sammons, and I instructed him to be here at 8:30. So when Mr. Denny comes back, a bond forfeiture will issue if he does not appear. I will make sure that he's with us the rest of the day. I can do that.

MS. COOPER-SAMMONS: Okay. Your Honor, he did also let me know that something came up with his mother as an extenuating circumstance, that he had to assist her in some issue. She's got a medical condition, and he had to assist her to do something this morning, and that's why he's late. That's all I can tell you, Your Honor.

MR. CONNALLY: And did not deem it worthy to contact either his lawyer or the Court to inform anyone of said situation.

THE COURT: Mr. Denny, was there any response for Zachary Summage?

THE BAILIFF: No response, Your Honor.

THE COURT: Bond forfeiture will be issued. Bring in the jury, please.

THE BAILIFF: Yes, sir.

(Jury enters the courtroom.)

(Open court, no defendant, jury present.)

THE COURT: I need for the jury to please remain standing. If you'll raise your right hands.

(Jury sworn.)

(R.R. vol. 3 pg. 9-11).

Thus, the sole indicate of why Summage was not present was Summage's attorney's statement to the judge:

> *he did also let me know that something came up with his mother as an extenuating circumstance, that he had to assist her in some issue. She's got a medical condition, and he had to assist her to do something this morning, and that's why he's late. That's all I can tell you, Your Honor.*

(R.R. vol. 3 pg. 9-11). Additionally, we know that Summage appeared at trial just a little while later sometime before 10:15 that morning, when a witness identified Summage as "sitting right there." (R.R. vol. 3 pg. 69,71). The appellate record does not contain any other indication of the length or basis of Summage's absence. Thus, a fair interpretation of the appellate record is that Summage was approximately one hour late due to "extenuation circumstance" relating to a "medical condition" of his mother. (R.R. vol. 3 pg. 9-11,69,71). This is insufficient evidence to support a conclusion that Summage "voluntarily absented" himself from the trial.

Accordingly, there is evidence in the appellate record that Summage's absence was brief and involuntary and no evidence it was

29

voluntary.

## Harmful Error

An error must affect the substantial rights of the accused to be harmful. *See* Tex. R. App. P. 44.2(b). A "substantial right" is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266 (Tex. Crim. App. 1997) (citing Tex. R. App. P. 44.2(b)). Alternatively, error is harmless if the error "did not influence the jury, or had but a slight effect." *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). The appellant does not bear the burden to establish such harmful error. *Schutz v. State*, 63 S.W.3d 442, 444 (Tex. Crim. App. 2001); *Johnson v. State*, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001). Rather, it is the responsibility of the appellate court to assess harm after reviewing the record. *Schutz v. State*, 63 S.W.3d 442, 444 (Tex. Crim. App. 2001); *Johnson v. State*, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001).

Some courts have interpreted the harmful error requirement to mean that a defendant must establish that presence at the missed portion of the trial bears a reasonably substantial relationship to the opportunity to defend the case. *See e.g. In re Commitment of Young*, 410 S.W.3d 542, 553 (Tex. App.—Beaumont 2013, no pet.)(citing *Jasper v. State,* 61 S.W.3d 413, 422-24 (Tex. Crim. App.2001) (defendant's absence when jurors' excuses heard was harmless); *Hodges v. State*, 116 S.W.3d 289, 296-97 (Tex.

30

App.—Corpus Christi 2003, pet. ref'd) (defendant's absence during peremptory strikes harmless where defendant later waived jury); *Bath v. State*, 951 S.W.2d 11, 22-23 (Tex. App.—Corpus Christi 1997, pet. ref'd) (defendant's absence when venire member qualified and juror exemptions heard was harmless); *Weber v. State*, 829 S.W.2d 394, 395-97 (Tex. App.—Beaumont 1992, no pet.) (defendant's absence when juror excuses heard was harmless); *Sumrell v. State*, 326 S.W.3d 621, 624-27 (Tex. App.—Dallas 2009), *pet. dism'd improvidently granted*, 320 S.W.3d 338 (Tex. Crim. App. 2010) (defendant's absence during individual questioning of jurors who expressed bias was harmful); *Bledsoe v. State*, 936 S.W.2d 350, 351 (Tex. App.—El Paso 1996, no writ) (defendant's absence during individual voir dire was harmful).

Here, Summage was not present when the jury was sworn and was not present to enter his plea to the charges against him. In fact, the appellate record does not affirmatively establish that Summage was present at trial until sometime before 10:15 that morning, when a witness identified Summage as "sitting right there." (R.R. vol. 3 pg. 69,71). Thus, Summage completely missed the testimony of witness Joe Castillo, and the majority of the testimony of witness Sam Lavender. This portion of the trial bears a reasonably substantial relationship to the opportunity to defend the case.

**Issue 3:**   The appellate record does not contain the parties' peremptory strikes.  Accordingly, the Clerk does not appear to have seated the first twelve eligible panelists from the jury panel list which is fundamental error.

The Clerk did not appear to seat the first twelve eligible panelists from the jury panel as required by Texas Code of Criminal Procedure 35.26.  Presumably, this is because the Clerk was skipping the jury panel members who had been peremptorily striken by the parties.  However, because those peremptory strikes do not appear in the appellate record, it was fundamental error.

**Preservation of Error**

To preserve a complaint for our review, a party must generally have presented to the trial court a timely request, objection, or motion stating the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion.  *See* Tex. R. App. P. 33.1(a).  A complaint at the trial court level informs the trial judge of the nature of the issue and affords him the opportunity to rule. *See Saldano v. State*, 70 S.W.3d 873, 887 (Tex. Crim. App. 2002).

This court should find the fact that the trial court did not seat the first twelve eligible panelists from the jury panel list was fundamental error.  Error which is based upon an absolute right or prohibition need not be preserved.  *Marin v. State*, 851 S.W.2d 275 (Tex. Crim. App.1993)

(discussing three types of rights); *see also Garcia v. State*, 149 S.W.3d 135, 144 (Tex. Crim. App. 2004). Such error is often called fundamental error. *See e.g. Brumit v. State*, 206 S.W.3d 639 (Tex. Crim. App. 2006). An error is considered fundamental when it "directly and adversely affects the interest of the public generally, as that interest is declared in the statutes or Constitution of this state." *Ramsey v. Dunlop*, 146 Tex. 196, 202, 205 S.W.2d 979, 983 (Tex. 1947). A denial of absolute systemic requirements does not require a timely and specific objection to raise for the first time on appeal. *See Aldrick v. State*, 104 S.W.3d 890, 895 (Tex. Crim. App. 2003); *Rodriguez v. State*, 71 S.W.3d 800, 802 (Tex. App.—Texarkana 2002, no pet.); *Rushing v. State*, 50 S.W.3d 715, 723 (Tex. App.—Waco 2001), *aff'd*, 85 S.W.3d 283 (Tex. Crim. App. 2002).

Texas Courts have generally recognized violations of Texas Code of Criminal Procedure article 35.26(a) as requiring timely objection by the Defendant or the error is waived. *See e.g. Miller v. State*, 692 S.W.2d 88, 93, n. 10 (Tex. Crim. App. 1985); *Acosta v. State*, 522 S.W.2d 528 (Tex. Crim. App. 1975); *Macias v. State*, 189 S.W. 953 (Tex. Crim. App. 1916); *Cooper v. State*, 144 S.W. 937 (Tex. Crim. App. 1912); *West v. State*, 114 S.W. 142 (Tex. Crim. App. 1908); *Granger v. State*, 31 S.W. 671 (Tex. Crim. App. 1895). However, these cases generally involved the erroneous seating of single jurors and a defendant's failure to object.

Here, had the clerk seated the first 12 eligible jury panel members, it

would have seated jurors 1, 6, 8, 9, 11, 12, 13, 15, 16, 17, 18 and 22. (C.R. pg. 25). Only four of these jurors sat on the actual jury in this case. (C.R. pg. 25). Thus, eight erroneous jurors sat on the jury. (C.R. pg. 25). Accordingly, the error in this case was on a dramatically higher scale than that of the cases cited above requiring preservation of error. Thus, the error was systemic and deprived Summage of the right to a jury trial guaranteed by the United States and Texas constitutions and this court should find the error in this case fundamental.

## Standard of Review

Counsel for Appellant is unable to locate a specific rendition of the standard of review applicable to this issue. However, issues concerning the proper seating of a jury pursuant to Texas Code of Criminal Procedure 35.26 appear to be issues of law. *See e.g. Bagwell v. State*, 657 S.W.2d 526 (Tex. App.—Corpus Christi 1983, pet. ref'd). Such legal issues would be reviewed *de novo* by the court of appeals. *See Villarreal v. State*, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996).

## Law and Application

The Clerk did not appear to seat the first twelve eligible panelists from the jury panel as required by Texas Code of Criminal Procedure 35.26. Presumably, this is because the Clerk was skipping the jury panel

members who had been peremptorily striken by the parties. However, because those peremptory strikes do not appear in the appellate record, it was fundamental error.

A criminal Defendant is entitled to a trial by jury under the United States and Texas Constitutions. Tex. Const. art. I, § 15; *see also* Tex. Const. art. V, § 10. The right to a jury trial has a widely acknowledged "sacred place in English and American history." *White v. White*, 108 Tex. 570, 196 S.W. 508, 512 (1917). This right extends to the right to a fair and impartial jury that has been selected in accord with the procedural rules and safeguards imposed by the legislature. *Jackson v. Golden Eagle Archery, Inc.*, 974 S.W.2d 952, 958 (Tex. App.—Beaumont 1998), *rev'd*, 24 S.W.3d 362 (Tex. 2000). Procedurally, the first twelve names on the jury list that have not been struck constitute the jury. *See* Tex. Const. Art. V, § 13; Tex. Code Crim. Proc. Art. 33.01, 35.26(a)(West 2006). Specifically, Texas Code of Criminal Procedure article 35.26(a) provides as follows:

**Lists Returned to Clerk**

(a)    When the parties have made or declined to make their peremptory challenges, they shall deliver their lists to the clerk. Except as provided in Subsection (b) of this section, the clerk shall, if the case be in the district court, <u>call off the first twelve names on the lists that have not been stricken</u>. If the case be in the county court, he shall call off the first six names on the lists that have not been stricken. Those whose names are called shall be the jury.

Tex. Code Crim. Proc. Art. 33.01, 35.26(a)(West 2006).

However, a violation of article 35.26 does not per se constitute

reversible error. *See Griffin v. State*, 481 S.W.2d 838, 840 (Tex. Crim. App. 1972). Rather, the Court should consider the spirit and intent of the article under the facts of the case. *See Griffin v. State*, 481 S.W.2d 838, 840 (Tex. Crim. App. 1972). For example, in *Bagwell v. State*, the appellate court concluded that "there was no violation of the spirit nor intent in Article 35.26(a)." 657 S.W.2d 526 (Tex. App.—Corpus Christi 1983, pet. ref'd). However, there a single juror was incorrectly seated. *Id*.

Here, this provision was substantially violated interfering with the spirit and intent of Texas Code of Criminal Procedure 35.26. The Clerk's Record contains a cumulative jury panel list with the names of the 72 panel members. (C.R. pg. 25-27). This list was hand marked with a line through the names of those panel members striken for cause. (C.R. pg. 25-27). Although it was not signed by the judge, the notes were presumably made by him. (C.R. pg. 25-27). This list also contains the number of the seated jurors circled. (C.R. pg. 25-27). The first 12 eligible jury panel members, who should have been seated, were 1, 6, 8, 9, 11, 12, 13, 15, 16, 17, 18 and 22. (C.R. pg. 25). Only four of these jurors sat on the actual jury in this case. (C.R. pg. 25). Thus, eight erroneous jurors sat on the jury. (C.R. pg. 25). Here the spirit and intent of the provision was violated under the facts of this case.

The State will presumably argue that the correct jury was actually seated in this case. More specifically, the State could argue that the State

36

and/or Defense peremptory strikes against the jury panel and that once those peremptory strikes were made, the clerk correctly called the names of the first twelve eligible jury panel members.  The problem with this argument is that neither the State's nor the Defense's peremptory strike lists was included in the appellate record in any way.

Further, in *Pittman v. State*, the Texas Court of Criminal Appeals wrote as follows:

> It will certainly be advisable in the future for the court, whether requested by either party or not,[7] to have the court reporter record the voir dire examination of the jury panel, (*see Evans v. State*, Tex. Crim. App., 430 S.W.2d 502*, this day decided) and to include in every appellate record the jury list indicating the jurors chosen, the ones excused and the reasons therefor, etc.

[7] *See* Tex. Code Crim. Pro. Art. 40.09 §4.
* *Evans v. State*, 430 S.W.2d 502 (Tex. Crim. App. 1968).

434 S.W.2d 352, 357-358 (Tex. Crim. App. 1968)(emphasis added).  Thus, the Texas Court of Criminal Appeals has declared the appellate record should contain the names of the panel members who are peremptorily striken.

Here, the jury list does not reflect the peremptory strikes, if any, exercised by either the State or the Defense. (C.R. pg. 25-27).  Although the Clerk's Record does contain a single "peremptory challenges" form, no strikes appear to have been made on that document. (C.R. pg. 28).  Finally, the Reporter's Record does not contain any record of peremptory challenges exercised by either the State or the Defense. (R.R. vol. 2, pg.

117).  Rather, the Reporter's Record simply contains a summary statement: "Recess for Strikes". (R.R. vol. 2, pg. 117).  Thus, the appellate record does not reflect any peremptory strikes were exercised by either the State or the Defense.

Accordingly, the appellate record establishes that the clerk did not seat the first twelve eligible panelists from the jury panel as required by Texas Code of Criminal Procedure 35.26, which was fundamental error.

**Harmful Error**

An error must affect the substantial rights of the accused to be harmful.  *See* Tex. R. App. P. 44.2(b).  A "substantial right" is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict.  *King v. State*, 953 S.W.2d 266 (Tex. Crim. App. 1997) (citing Tex. R. App. P. 44.2(b)).  Alternatively, error is harmless if the error "did not influence the jury, or had but a slight effect." *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).  The appellant does not bear the burden to establish such harmful error. *Schutz v. State*, 63 S.W.3d 442, 444 (Tex. Crim. App. 2001); *Johnson v. State*, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001).  Rather, it is the responsibility of the appellate court to assess harm after reviewing the record.  *Schutz v. State*, 63 S.W.3d 442, 444 (Tex. Crim. App. 2001); *Johnson v. State*, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001).

However, a harmless error analysis is not necessary if the error was

fundamental. *See, e.g., Bird v. State,* 527 S.W.2d 891, 894 (Tex. Crim. App. 1975). Here, as argued above under "Preservation of Error", Summage contends this issue is fundamental error.

### PRAYER

WHEREFORE, premises considered, Zackery Summage respectfully requests that this conviction be reversed and judgment rendered in his favor, that the conviction be reversed and a new trial granted, or for such other and further relief to which Appellant may be entitled.

Respectfully Submitted,

*Miller, James, Miller & Hornsby, L.L.P.*

By: _____
    Troy Hornsby
    Texas Bar Number 00790919

1725 Galleria Oaks Drive
Texarkana, Texas 75503
troy.hornsby@gmail.com
903.794.2711, f. 903.792.1276

Attorney for Appellant Zackery
Summage

## CERTIFICATE OF SERVICE

This is to certify that on March 3, 2015, a true and correct copy of the above and foregoing *Appellant's Brief* has been forwarded by U.S. mail on all counsel of record and interested party listed below:

**Appellant**
Zackery Summage
3157 Woodlawn Avenue
Shreveport, Louisiana  71104

**Defendant's Trial Attorney**
Ms. Cheryl Cooper-Sammons
P.O. Box 8517
Marshall, Texas  75671

**Trial Court Judge**
Honorable Brad Morin
71st Judicial District Court
Harrison County Courthouse
200 West Houston, Suite 219
Marshall, Texas 75670

**State's Attorney**
Coke Solomon
Shawn Connally
Harrison County District Attorney
P. O. Box 776
Marshall, Texas 75671-0776

_____
Troy Hornsby

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4, the undersigned counsel certifies that, exclusive of the exempted portions in Texas Rule of Appellate Procedure 9.4(i)(1), this brief contains 6,400 words (less than 15,000), based upon the word count of the WordPerfect program used to prepare the document.

_____
Troy Hornsby